**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Henry SELVA, Defendant-Appellant.**

**No. 76–1612.**

United States Court of Appeals,
Fifth Circuit.

Sept. 28, 1977.

1304

Theodore Klein, Mitchell R. Bloomberg, Miami, Fla., for defendant-appellant.

Robert W. Rust, U. S. Atty., Donald L. Ferguson, Nathaniel H. Speights, Asst. U. S. Attys., Miami, Fla., for plaintiff-appellee.

Before BROWN, Chief Judge, TUTTLE and TJOFLAT, Circuit Judges.

TJOFLAT, Circuit Judge:

I

Henry Selva, the appellant, was tried and convicted of conspiracy to use false documents in transporting stolen cars in foreign commerce.[1] On appeal, his principal and most compelling argument is that he is prejudiced because his new, retained appellate counsel does not have the opportunity to examine a transcript of the entire district court proceedings. Specifically, the record contains no transcript of the closing arguments made by the defense or government counsel at trial. Appellant claims that the trial court was required to insure the making of a record of the closing arguments under the Court Reporter Act (the Act), 28 U.S.C. § 753 (1970). In the oral argument before this panel, it was disclosed that the omission in the record had not previously been brought to the attention of the trial judge, and no attempt had been made to supplement the record. Because we deem it appropriate to submit such errors to the district court for remedial treatment, see Fed.R.App.P. 10(e), before passing on the merits of an appeal, we, while retaining jurisdiction, remanded this case to the district court for the limited purpose of supplementing the record or, alternatively, if deemed in the interests of justice, the granting of a new trial.[2] At the hearing held by the district court upon this limited remand it was developed that during the course of the trial the court reporter became ill and eventually was incapacitated to the extent that he was unable to transcribe stenographically counsels' closing arguments. The reporter attempted, with the aid of a tape recorder, to preserve the argu-

1. Conspiracy to violate 18 U.S.C. §§ 1001 and 2312 (1970).

2. *United States v. Selva*, 546 F.2d 1173 (5th Cir. 1977).

ments, but the machine malfunctioned, and no record was made. The trial judge, concluding that it was not possible to reconstruct a substantially verbatim account of the final arguments, nonetheless declined to grant appellant a new trial.

■ We are of the opinion that, although appellant alleges no specific error to have occurred during the unrecorded portion of the proceeding, the fact that his new appellate counsel is foreclosed from examining for possible error a substantial and crucial portion of the trial renders illusory his right to appeal. It is for this reason that we reverse the judgment of the district court and remand the case for a new trial.

## II

The question presented here is whether a criminal defendant, represented on appeal by new counsel, must demonstrate specific prejudice resulting from the failure to record a significant portion of a trial proceeding in order to prevail on appeal. This is not an issue of first impression in this court, and our prior decisions are controlling. Litigants in a posture such as appellant is here are under no burden to show specific prejudice in order to obtain relief for violation of the Court Reporter Act, 28 U.S.C. § 753 (1970).

■ The Act requires that a reporter "shall record verbatim by shorthand or by mechanical means . . . (1) all proceedings in criminal cases had in open court . . . ." *Id.* § 753(b). This language is clear, and its requirements are mandatory. *See, e. g., United States v. Upshaw*, 448 F.2d 1218, 1223 (5th Cir. 1971); *Calhoun v. United States*, 384 F.2d 180, 183 (5th Cir. 1967). It is also established beyond any shadow of doubt that a criminal defendant has a right to a record on appeal which includes a complete transcript of the proceedings at trial. *Hardy v. United States*, 375 U.S. 277, 84 S.Ct. 424, 11 L.Ed.2d 331 (1964).[3]

■ While both the Act and *Hardy* insure to a defendant the right to a complete record on appeal, there has been considerable litigation in this court over the effect of a failure to comply with the Act. Two rules have evolved. The first holds that failure to comply with the Act is not error per se and will not work a reversal absent a specific showing of prejudice—*i. e.*, appellant must show that failure to record and preserve the specific portion of the trial proceedings visits a hardship upon him and prejudices his appeal. *United States v. Alfonso*, 552 F.2d 605 (5th Cir. 1977); *United States v. Long*, 419 F.2d 91 (5th Cir. 1969); *Addison v. United States*, 317 F.2d 808 (5th Cir. 1963); *Strauss v. United States*, 311 F.2d 926 (5th Cir. 1963).[4] The government

**3.** *Hardy* involved an indigent defendant who had been convicted and sentenced to prison. After his conviction, the court-appointed lawyer who had represented him at trial withdrew his appearance and a new attorney was appointed to represent him on appeal. Prior to the appointment of appellate counsel, the indigent had prepared *pro se* a petition for leave to appeal *in forma pauperis*. The Court of Appeals allowed petitioner to proceed *in forma pauperis* only to the extent of having the stenographic transcript of the testimony and evidence presented by the government prepared at the expense of the United States. The Supreme Court, reversing, stated that:

A court-appointed counsel who represents the indigent on appeal gets at public expense, as a minimum, the transcript which is relevant to the points of error assigned. . . . But when, as here, new counsel represents the indigent on appeal, how can he faithfully discharge the obligation which the court has

placed on him unless he can read the entire transcript. . . . The right to notice 'plain errors or defects' is illusory if no transcript is available at least to one whose lawyer on appeal enters the case after the trial is ended. (Citations omitted.)
375 U.S. at 279–280, 84 S.Ct. at 426–427. While *Hardy* involved no violation of the Court Reporter Act, the policy expressed in the opinion is clear and has been adopted by this court. *See, e. g., United States v. Upshaw*, 448 F.2d 1218 (5th Cir. 1971); *United States v. Rosa*, 434 F.2d 964 (5th Cir. 1970).

**4.** The rule established by this line of cases is well expressed in the following portion of the opinion in *Addison*, 317 F.2d 808 (5th Cir. 1963), in which appellants claimed that the failure of the court reporter to record the arguments of counsel was reversible error:

In their appeal in this case, although appellants were represented in the trial by six lawyers, one of whom is still representing

urges upon us this body of law as controlling our decision here. We disagree. An examination of the second body of case law reveals that a different rule obtains in cases involving new counsel on appeal. When, as here, a criminal defendant is represented on appeal by counsel other than the attorney at trial, the absence of a substantial and significant portion of the record [5], even absent any showing of specific prejudice or error, is sufficient to mandate reversal. *See United States v. Gregory*, 472 F.2d 484 (5th Cir. 1973) (dicta); *United States v. Upshaw, supra* at 1222–1224; *United States v. Garcia-Bonifascio*, 443 F.2d 914 (5th Cir. 1971); *United States v. Rosa*, 434 F.2d 964 (5th Cir. 1970); *United States v. Atilus*, 425 F.2d 816 (5th Cir. 1970); *Stephens v. United States*, 289 F.2d 308 (5th Cir. 1961). The wisdom of this rule is apparent. When a defendant is represented on appeal by the same attorney who defended him at trial, the court may properly require counsel to articulate the prejudice that may have resulted from the failure to record a portion of the proceedings. Indeed, counsel's obligation to the court alone would seem to compel him to initiate such disclosure. The attorney, having been present at trial, should be expected to be aware of any errors or improprieties which may have occurred during the portion of the proceedings not recorded. But when a defendant is represented on appeal by counsel not involved at trial, counsel cannot reasonably be expected to show specific prejudice. To be sure, there may be some instances where it can readily be determined from the balance of the record whether an error has been made during the untranscribed portion of the proceedings. Often, however, even the most careful consideration of the available transcript will not permit us to discern whether reversible error occurred while the proceedings were not being recorded. In such a case, to require new counsel to establish the irregularities that may have taken place would render illusory an appellant's right to notice plain errors or defects, *Hardy*, 375 U.S. at 280, 84 S.Ct. 424, and render merely technical his right to appeal.

We do not advocate a mechanistic approach to situations involving the absence of a complete transcript of the trial proceedings. We must, however, be able to conclude affirmatively that no substantial rights of the appellant have been adversely effected by the omissions from the transcript. When, as here, a substantial and significant portion of the record is missing, and the appellant is represented on appeal by counsel not involved at trial, such a conclusion is foreclosed. Accordingly, the judgment of the district court is reversed and this case is remanded for a new trial.

REVERSED AND REMANDED.

one of the appellants in this court, the record is silent as to any objection made or any motion of any kind filed with respect to any alleged impropriety during the course of the final arguments of counsel. Nor have the appellants in their original brief filed in this case attempted to state that any inflammatory or other improper comments were made by counsel during their summations. Obviously, even though a failure of the court reporter to report the arguments of counsel were an error per se, such error would not be available to appellants to work a reversal without a showing that it was prejudicial error . . . Without even the contention being made as to language used or other conduct of counsel that goes beyond the permitted range of oral argument, no effort is made to show that such failure prejudiced appellants. *Id.* at 811.

**5.** We do not suggest that any failure to record, however small or insignificant, will work a reversal. Here, we are confronted with the absence of all arguments made to the jury. Other cases upon which we rely involved similarly significant omissions. *United States v. Gregory*, 472 F.2d 484 (5th Cir. 1973) (missing voir dire and opening statements); *United States v. Garcia-Bonifascio*, 443 F.2d 914 (5th Cir. 1971) (missing government's closing argument); *Upshaw, supra*, (missing defense arguments); *United States v. Rosa*, 434 F.2d 964 (5th Cir. 1970) (missing entire transcript); *United States v. Atilus*, 425 F.2d 816 (5th Cir. 1970) (missing entire transcript); *Stephens v. United States*, 289 F.2d 308 (5th Cir. 1961) (missing voir dire and closing arguments). While we do not condone any departure from the requirements of the Court Reporter Act, *supra*, a merely technically incomplete record, involving no substantial or significant omissions, will not be sufficient to work a reversal.