632 So.2d 543 (1993)
Ex parte Louise HARRIS.
(In re Louise Harris v. State of Alabama.)
1920374.
Supreme Court of Alabama.
June 25, 1993.
On Application for Rehearing October 29, 1993.
*544 Ruth E. Friedman, Atlanta, GA, and Bryan A. Stevenson, Montgomery, for petitioner.
James H. Evans, Atty. Gen., and Sandra J. Stewart, Deputy Atty. Gen., and Robert E. Lusk, Jr., Asst. District Atty., for respondent.
HOUSTON, Justice.
This is a capital murder case. A detailed statement of the facts appears in the opinion of the Court of Criminal Appeals, Harris v. State, 632 So.2d 503 (Ala.Cr.App.1992).
Louise Harris was convicted of capital murder; the jury recommended a sentence of life imprisonment without parole. The trial court overrode the jury's recommendation and sentenced Harris to death by electrocution. Judge McMillan, writing for the Court of Criminal Appeals, affirmed Harris's conviction with a lengthy opinion, from which Judge Montiel dissented. The Court of Criminal Appeals overruled Harris's application for rehearing and denied her Rule 39(k), Ala.R.App.P., motion, without opinion. We then granted certiorari review pursuant to Rule 39(c), Ala.R.App.P.
Having carefully read and considered the record, together with Harris's 141-page brief, the state's 237-page brief, and Harris's 18-page reply brief, we conclude that the Court of Criminal Appeals correctly resolved the issues discussed in its opinion. We do note, however, the issue on which Judge Montiel dissentswhether Harris had an absolute right to be present at "all pretrial proceedings relating to [her] case" (i.e., proceedings involving questions of law, questions of procedure, or questions regarding the removal of Harris's counsel), pursuant to the guarantees of the Confrontation Clause of the Sixth Amendment and the Due Process Clause of the Fifth Amendment of the United States Constitution and because every criminal defendant, particularly a defendant in a capital murder case, has the fundamental right to participate in the preparation of her defense. Suffice it to say, without further discussion, that after thoroughly reviewing the record and the applicable law, we are satisfied that the Court of Criminal Appeals adequately addressed and correctly resolved this issue.
We note also that Harris has raised in this Court several issues that were either not presented to or not addressed by the Court of Criminal Appeals. Because this Court may consider any issue in a capital case concerning the propriety of the conviction and the death sentence, and, more importantly, because a person's life hangs in the balance, we have fully considered each of the additional issues Harris has raised. Furthermore, we have independently searched the record for error, as did the Court of Criminal Appeals. However, after carefully researching the applicable law and after exhaustively scouring the record for error, we find no reversible error in the proceedings below.
We do feel, however, that the following issue, raised by Harris in this Court, *545 warrants further discussion: Whether the absence of a full transcript of the voir dire examination of the jury and all bench conferences denied Harris a fundamentally fair trial in violation of state law and in violation of the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution and thus constituted reversible error.
Harris bases her argument on Rule 19.4(a), Ala.R.Crim.P., which requires:
"In all capital cases (criminal trials in which the defendant is charged with a death penalty offense), the court reporter shall take full stenographic notes of voir dire of the jury and of the arguments of counsel, whether or not such is ordered by the judge or requested by the prosecution or defense. This duty may not be abrogated by the judge or waived by the defendant."
(Emphasis added.) This case was commenced before the adoption of Rule 19.4; therefore, Rule 19.4 is not applicable in this case. Rather, Temporary Rule 21, Ala. Temp.R.Crim.P., governs this case; it read, in part, as follows:
"(a) In all capital cases (criminal cases in which the defendant is charged with a death penalty offense), the court reporter shall take full stenographic notes of the arguments of counsel whether or not such is ordered by the judge or requested by the prosecution or defense. This duty may not be abrogated by the judge or waived by the defendant."
(Emphasis added.)
Under Temporary Rule 21(a), there was no requirement that the voir dire examination of the jury be stenographically recorded; and the requirement that the court reporter take "full stenographic notes" of "the arguments of counsel"which appeared in Temporary Rule 21(a) and also appears in the current Rule 19.4(a)does not require the court reporter to transcribe every incidental discussion between counsel and the trial judge that occurs at the bench unless counsel so requests or the court so directs. Instead, the phrase "arguments of counsel" refers to opening and closing arguments of counsel. See, e.g., Ex parte Godbolt, 546 So.2d 991 (Ala.1987); Webb v. State, 539 So.2d 343 (Ala. Crim.App.1987); Reeves v. State, 518 So.2d 168 (Ala.Crim.App.1987); see Ala.Code 1975, § 12-17-275.
In this case, the items or statements omitted from the record were not transcribed because they occurred out of the hearing of the court reporter. However, Harris's trial counsel had moved the trial court to "order the official court reporter to record and transcribe all proceedings in all phases [of the case], including pretrial hearings, legal arguments, voir dire and selection of the jury, in-chambers conferences, any discussions regarding jury instructions, and all matters during the trial and in support thereof ..."; and the court had granted the motion. After granting the motion, the court had the duty to see that the entire proceedings were transcribed; we must conclude that the failure to record and transcribe a portion of the voir dire examination of the jury and certain portions of the bench conferences, in light of the fact that Harris was represented on appeal by counsel other than the attorney at trial, constituted error. See Ex parte Godbolt, 546 So.2d 991 (Ala.1987).[1] Thus, the question becomes whether that error constituted reversible error.

"`When, [as in this case], a criminal defendant is represented on appeal by counsel other than the attorney at trial, the absence of a substantial and significant portion of the record, even absent any showing of specific prejudice or error, is sufficient to mandate reversal. The wisdom of this rule is apparent. When a defendant is represented on appeal by the same attorney who defended him at trial, the court may properly require counsel to articulate the prejudice that may have resulted from the failure to record a portion of the proceedings. Indeed, counsel's obligation to the court alone would seem to compel him to initiate such disclosure. The attorney, having been present at trial, should be expected to be aware of any *546 errors or improprieties which may have occurred during the portion of the proceedings not recorded. But when a defendant is represented on appeal by counsel not involved at trial [as in this case], counsel cannot reasonably be expected to show specific prejudice. To be sure, there may be some instances where it can readily be determined from the balance of the record whether an error has been made during the untranscribed portion of the proceedings. Often, however, even the most careful consideration of the available transcript will not permit us to discern whether reversible error occurred while the proceedings were not being recorded. In such a case, to require new counsel to establish the irregularities that may have taken place would render illusory an appellant's right to [have the reviewing court] notice plain errors or defects....
"`We do not advocate a mechanistic approach to situations involving the absence of a complete transcript of the trial proceedings. We must, however, be able to conclude affirmatively that no substantial rights of the appellant have been adversely affected by the omissions from the transcript. When ... a substantial and significant portion of the record is missing, and the appellant is represented on appeal by counsel not involved at trial, such a conclusion is foreclosed....'"
Ex parte Godbolt, 546 So.2d at 997. (Citations omitted; emphasis added.) (Quoting with approval United States v. Selva, 559 F.2d 1303, 1305-06 (5th Cir.1977)).
We have carefully reread those portions of the record where each omission occurred and have reread the several pages before and the several pages after those omitted portions, to ascertain, if possible, the content and substance of the discussions not transcribed, so as to determine whether "a substantial and significant portion of the record" is missing and to determine whether we could "conclude affirmatively that no substantial rights of [Harris] have been adversely affected by the omissions from the transcript." Id.
From this extensive review, and given the particular facts of this case, we have concluded that the untranscribed portions of the proceedings did not constitute "a substantial and significant portion of the record" and we have "conclud[ed] affirmatively that no substantial rights of [Harris] have been adversely affected by the omissions from the transcript." Rather, we have concluded that the trial court's rulings related to certain omitted portions of the proceedings were adverse to the state and that the content or substance of the other discussions that occurred out of the hearing of the court reporter was general in nature and had no effect on the outcome of the case. We conclude, under the facts of this case, that the error in failing to ensure that the entire proceedings were transcribed was harmless. Therefore, Harris's conviction was properly affirmed.
We note for the Bench and Bar that our holding that the failure to ensure a complete transcript of the proceedings was harmless error is strictly limited to the facts of this case and to the record before us; we are not to be understood as holding that in all cases such an error will be considered harmless. Rather, each case will be limited to and determined on its own facts.
AFFIRMED.
HORNSBY, C.J., and MADDOX and SHORES, JJ., concur.
ALMON, J., concurs in the result.
ADAMS, J., dissents.
ADAMS, Justice (dissenting).
I must respectfully dissent from the majority opinion. In my view, the defendant, under Alabama law as it has developed since Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), was entitled to require the prosecutor to explain the reasons for her peremptory challenges of black veniremembers. The venire consisted of 17 black members and 33 white members. During the selection process, the prosecutor challenged 12 of the black veniremembers with her 19 allotted peremptory strikes. Thus, she challenged 71% of the black veniremembers, but only 21% of the white veniremembers.
These facts, standing alone, are sufficient to raise an inference of discrimination, but *547 the inference is further strengthened by an additional fact. As the Court of Criminal Appeals observed, this prosecutor "has a history of using peremptory challenges to discriminate against black jurors." Harris v. State, 632 So.2d 503 (Ala.Crim.App.1992) (quoting Hood v. State, 598 So.2d 1022, 1024 (Ala.Crim.App.1991)). "An example of what appears to be a systematic practice of discrimination is a relevant factor to be considered both at the trial level and on review in assessing the strength of the defendant's prima facie case." Ex parte Bird, 594 So.2d 676, 681 (Ala.1991).
Notwithstanding these factors, the Court of Criminal Appeals determined that the defendant had failed to present a prima facie case of racial discrimination in jury selection, and, consequently, that the prosecutor was not required to justify her challenges. That court's disposition of this issue is inexplicable and erroneous, as is this Court's majority opinion, which, sub silentio, concurs in that court's conclusion.
The readiness of the judiciary to guard against inroads into constitutional guarantees must not depend on its assessment of the merits of the underlying case. I cannot, therefore, justify the conclusion that the facts presented by the defendant do not require us to remand this cause for further proceedings at which the State would be required to explain its challenges. Consequently, I must respectfully dissent.

On Application for Rehearing
HOUSTON, Justice.
The issues raised on application for rehearing have been resolved by Ex parte Giles, 632 So.2d 577 (Ala.1993). The application is overruled.
APPLICATION OVERRULED.
MADDOX, ALMON, SHORES, ADAMS, STEAGALL and INGRAM, JJ., concur.
NOTES
[1] Neither Temporary Rule 21, Ala. Temp.R.Crim.P., nor Rule 19.4, Ala.R.Crim.P., was in effect when this Court decided Ex parte Godbolt, Nonetheless, the rationale of Ex parte Godbolt is applicable to the facts of this case.