# UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

No. 97-40174
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SHERRIC DESHAWN GUESS, also known as Shawn Guess,
also known as Baby G,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Eastern District of Texas
(4:96-CR-38-1)
_____

December 11, 1997

Before JONES, SMITH, and STEWART, Circuit Judges.

PER CURIAM:[*]

Appellant Sherric Deshawn Guess appeals his convictions after a jury trial for three counts of possession of cocaine base with intent to distribute in violation of 21 U.S.C. § 841(a) and two counts of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). Finding no reversible error, we affirm.

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

**BACKGROUND**

Guess's appeal centers on one issue: the fact that the notes and transcript of his suppression hearing have been lost. Prior to trial, Guess moved to suppress evidence found and seized at various times reflected in his five-count indictment. On September 18, 1996, the district court held a hearing and denied the motion in all respects. It is undisputed that the court reporter responsible for transcribing the hearing lost his notes as well as the recording and that the hearing has never been transcribed.[1]

Approximately two weeks later, the case proceeded to trial. The evidence presented at trial established that on February 10, 1995, shortly after having served prison time for possession of cocaine with intent to deliver and aggravated sexual assault on a female child under 14 years of age, Guess was present at an apartment when Sherman, Texas police officers executed a search warrant; the apartment was being rented by a Mr. Jimmy Nash. Guess was found in one of the bedrooms on a couch, sitting on a .380 semiautomatic pistol. The search warrant permitted the officers to look for cocaine, which they found in a bedroom closet. Both Guess and Nash were arrested incident to this search.

On October 7, 1995, Sherman patrol officer Ken Brooks and his partner were in a squad car in a high-crime, high-drug neighborhood when they spotted a Cadillac El Dorado with a rear

---

[1] Although it is true that the notes and transcript of this hearing have not been located, the record does contain the minutes of this hearing. *See* 1 R. 59.

window broken out. Inside the car was a female who stepped out of the car to talk to the officers. Shortly thereafter, Guess walked up. Although appearing to be nervous and mildly intoxicated, Guess told them he owned the car and gave the officers permission to search it, admitting that a .380 pistol was inside. Upon searching the car, the officers discovered the gun. The officers did not arrest Guess at this time, but did file a report.

On March 5, 1996, Denison, Texas police officer Carroll Spaugh gave chase to a speeding car. The driver jumped from the car while it was still moving and ran into the woods beside the road. At that time, Spaugh noticed that the man was carrying a tan plastic grocery-type bag. Because the car was still moving and was without a driver, Spaugh chased the car and managed to stop it. After radioing for assistance, Spaugh looked inside the car for registration or insurance papers, but only found two plastic baggies containing crack cocaine. Another officer, Rollins, went into the woods to search for the fleeing man and, at a distance, briefly spotted a man fitting the description provided by Spaugh. Shortly thereafter, Rollins found the man, lying down in the woods. The man whom Rollins arrested for evading arrest was Guess. Guess was not carrying either a firearm or drugs at that time. However, another officer who had also been in pursuit of Guess at this time found two grocery bags -- one blue and one tan -- hanging from a tree in the woods. Inside the bags were small jars and plastic baggies containing cocaine. Guess was charged with state charges

of possession of a controlled substance with intent to deliver and evading arrest; he made bond and was released.

On July 19, 1996, Sherman officer Jeff Jones, acting on a tip from a confidential informant ("CI") that Guess was bringing crack cocaine to Sherman, stopped Guess's car as it was returning to Sherman from Dallas. The officer arrested Guess on outstanding warrants and conducted an inventory search of the car. Although there was a strong odor of burning marijuana in the car at that time, Jones was unable to find drugs in the car other than marijuana in the ashtray. The car was impounded. Three days later Officer Brad Gibson obtained a search warrant and conducted a search of the car. At that time, he found a baggie containing crack cocaine between the center console and front passenger seat. Also, on July 19, 1996, officers had obtained warrants to search for cocaine at two residences associated with Guess. Cocaine was found hidden inside a pool table in one of the residences.

In connection with these four incidents, the authorities seized a total of 230.26 grams of crack cocaine.

After a trial, a federal jury found Guess guilty of all five counts of a superseding indictment: three counts of possession of cocaine base with intent to distribute (Counts 1, 2, and 3, relating to incidents on February 10, 1995, March 5, 1996, and July 19, 1996, respectively) and two counts of possession of a firearm by a felon (Counts 4 and 5, relating to the incidents on February 10, 1995 and October 7, 1995, respectively). The district

4

court sentenced Guess to 360 months in prison as to the first three counts and 60 months as to Counts 4 and 5, all to be served concurrently. He was also sentenced to a 10-year term of supervised release as to Count 1, eight years as to Count 3, and three years as to Counts 4 and 5, with the terms to run concurrently.

Guess timely filed a notice of appeal. Subsequently, the clerk's office granted an unopposed motion by Guess's trial counsel, Barrett K. Brown, to withdraw from the case. Substitute appellate counsel, Garland Caldwell, was appointed for Guess and currently represents him on this appeal.

## DISCUSSION

Guess contends that he is entitled to a new trial because he is now represented by an attorney who did not represent him at trial and the testimony from the hearing on Guess's motion to suppress is not available. Citing *United States v. Selva,* 559 F.2d 1303 (5th Cir. 1977) ("*Selva II*"), Guess contends that the suppression-hearing transcript is a "significant and substantial portion of the record" which "can make or break the government's case" and the absence of which has a "limitless prejudicial effect" on him. He argues that he is entitled to a new trial under FED. R. APP. P. 10(c).

Pursuant to 28 U.S.C. § 753(b) of the Court Reporter Act ("CRA"), a reporter "shall . . . record[ ] verbatim by shorthand, mechanical means, electronic sound recording, or any other method . . . . (1) all proceedings in criminal cases had in open court."

5

Failure to comply with the CRA is not error *per se* but the defendant-appellant must ordinarily show that the reporter's failure to record a portion of the proceedings "visits a hardship upon him and prejudices his appeal." *Selva II,* 559 F.2d at 1305 (citations omitted). However, "[w]hen . . . a criminal defendant is represented on appeal by counsel other than the attorney at trial, the absence of a substantial and significant portion of the record, even absent any showing of specific prejudice or error, is sufficient to mandate reversal." Id. at 1306.

However, not all failures to record "will work a reversal." *Id.* at 1306 n.5. This court has held that missing transcripts of nine bench conferences in a transcript exceeding 3,000 pages were not a substantial and significant portion of the record under *Selva II*. *See United States v. Aubin*, 87 F.3d 141, 149 (5th Cir. 1996), *cert. denied,* 117 S. Ct. 965 (1997); *see also United States v. Neal,* 27 F.3d 1035, 1043-44 (5th Cir. 1994) (allegedly missing portions of the record were deemed not significant). Moreover, "there may be some instances where it can readily be determined from the balance of the record whether an error has been made during the untranscribed portion of the proceedings." *Selva II*, 559 F.2d at 1306. In determining whether the missing suppression hearing transcript in Guess's case is a substantial and significant proceeding, we note that, in reviewing district court factfindings relating to the denial of a motion to suppress, this court reviews "evidence at both the suppression hearing *and trial*" in the light most favorable to the prevailing

6

party.  *United States v. Hope,* 102 F.3d 114, 116 (5th Cir. 1996) (emphasis added) (footnotes and citations omitted).

After a complete review of the record, we agree with the Government that when the record is viewed as a whole, the absence of the transcript of the suppression hearing is neither substantial nor significant.  The minutes of the suppression hearing indicate that six of the seven witnesses that testified at the suppression hearing testified at Guess's trial as well.  There has been no claim that these witnesses' testimony at trial differed from their testimony at the hearing.  Moreover, the minutes of the hearing reflect that the court ruled that (1) Guess did not have standing to suppress evidence found in Nash's apartment, (2) regarding the March 5, 1996 search of the car, the Denison officer had good cause to search the car, (3) Guess's motion to suppress items found in the vehicle after he abandoned the car was overruled, and (4) there was probable cause for the search incident to Guess's final arrest. The court then denied Guess's motion to suppress in all respects. Additionally, the trial transcript in this case contains considerable testimony regarding the various arrests, searches, and seizures involving Guess.  We ascertain no error.  This information is substantial enough that the transcript of the suppression hearing itself is not a "substantial and significant" proceeding whose absence warrants reversal.

Although complete trial and sentencing transcripts are included in the record, Guess also claims that the "incomplete" record in this case prevents him from discerning whether further

7

points of error are necessary in his case.  Accordingly, he urges this court to permit him time to file a supplemental brief at a later date.  Because Guess could have raised all issues relating to his trial and sentencing at the time of this appeal, Guess's request to file a supplemental brief is DENIED.

## CONCLUSION

For the foregoing reasons, we AFFIRM Guess's conviction and DENY his request to file a supplemental brief.