United States Court of Appeals
Fifth Circuit

**F I L E D**

July 20, 2007

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———

No. 05-20838

———

UNITED STATES OF AMERICA

Plaintiff-Appellant

v.

JAMES ANTHUM COLLINS, also known as
Andy Collins; YANK BARRY, also known as
Gerald Falovitch, also known as Gerald Barry,
also known as Yank Gerald Barry

Defendants-Appellees

———

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:98-CR-18-ALL

———

Before JOLLY, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

James Collins, the former executive director of the Texas Department of

Criminal Justice and Yank Barry, the CEO and President of VitaPro Foods, were

indicted on January 15, 1998 for conspiracy, money laundering, and bribery, and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

misuse of a social security number.[1]   They were tried by jury and convicted.[2] The defendants filed a Rule 29(c) motion for a judgment of acquittal. On September 8, 2005, the district court granted a motion acquitting the defendants on all counts and, in the alternative, granting a new trial on the grounds that (1) the government's key witness offered contradictory and unfounded testimony; (2) the jury was confused by the introduction of extraneous and irrelevant testimony, and (3) no substantially verbatim transcript of the trial exists.[3]

After reviewing the record and considering the parties' arguments as presented in the briefs and at oral argument, we find that the district court erred in granting the defendants' motion for a judgment of acquittal.  "A motion for judgment of acquittal challenges the sufficiency of the evidence to convict." United States v. Lucio, 428 F.3d 519, 522 (5th Cir. 2005).  When considering a Rule 29 motion, we utilize the same standard as the district court, which means we "assess whether a reasonable jury could have properly concluded, weighing the evidence in a light most deferential to the verdict rendered by the jury, that all of the elements of the crime charged had been proven beyond a reasonable

---

[1]  Count one charged Collins and Barry with conspiracy under 18 U.S.C. § 371 to commit theft or bribery of funds in violation of 18 U.S.C. § 666(a)(1)(B) and § 666(a)(2), money laundering in violation of 18 U.S.C. § 1956(A)(1)(B)(1) and misuse of a social security number in violation of 18 U.S.C. § 408(a)(7)(B).  Counts 2-5 charged Collins and Barry with the substantive offenses of theft and bribery.  Counts 2 and 3 charged Collins with accepting and agreeing to accept payments from VitaPro Foods, Inc. in violation of 18 U.S.C. § 666(a)(1)(B). Counts 4 and 5 charged Barry with giving, offering, and agreeing to give payments to Collins in violation of § 666(a)(2).  Counts 6 and 7 charged both defendants with aiding and abetting money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B) and § 2.  Count 8 charged both defendants with misuse of a social security number, in violation of 18 U.S.C. § 408(a)(7)(B). On August 19, 2001, after the government rested its case, the district court dismissed Count 8 on defendants' motion for acquittal.

[2]  On August 20, 2001, the jury found Collins guilty of Counts 1, 2-3, and 6-7.  The jury found Barry guilty of Counts 1, 4-5, and 6-7.

[3]  Pursuant to Rule 29(d)(1), in the event that the district court "enters a judgment of acquittal after a guilty verdict, the court must also conditionally determine whether any motion for a new trial should be granted if the judgment of acquittal is later vacated or reversed." Fed.R.Crim.P. 29(d)(1).

doubt." Id. We do not "analyze the evidence with an eye toward negating every possible inference of innocence, rather, if the fact finder was presented with sufficient evidence to support the verdict reached, that verdict must be upheld." Id. Our review is conducted de novo, with "no deference [given] to the district court's ruling." United States v. Loe, 262 F.3d 427, 432 (5th Cir. 2001), cert. denied, Loe v. United States, 534 U.S. 1134 (2002).

The evidence presented at trial, viewed in the light most favorable to the verdict, was sufficient to permit a rational juror to find Collins and Barry guilty beyond a reasonable doubt. The district court reached its contrary conclusion by choosing to disregard entirely the testimony of the government's key witness, Patrick Graham. This independent assessment of Graham's credibility was impermissible under the Rule 29 analysis, which requires us to defer to the jury's "reasonable construction[] of the evidence." Loe, 262 F.3d at 434. The jury was presented with substantial evidence of Graham's poor character and was made aware of the contradictions in his testimony, but still the jury found that the Government had proven Collins and Barry guilty beyond a reasonable doubt. No one suggests that the evidence is insufficient, if Graham's testimony is permitted, and if the jury chose to credit it, which it apparently did. The district court erred in substituting its own judgment for that of the jury to conclude that Graham's testimony should be disregarded. Cf. Loe, 262 F.3d at 432 (noting that under the sufficiency standard, the jury "retains the sole authority to weigh any conflicting evidence and to evaluate the credibility of the witnesses."). We therefore reverse the judgment of acquittal under Rule 29.

However, our review of the district court's determination on a motion for new trial is more deferential than on a motion for a judgment of acquittal. United States v. Robertson, 110 F.3d 1113, 1117 (5th Cir. 1997). Rule 33 permits the district court to grant a new trial if "necessitated by the interests of justice." United States v. Tarango, 396 F.3d 666, 672 (5th Cir. 2005), and we review this

determination for abuse of discretion. United States v. Dula, 989 F.2d 772, 778 (5th Cir. 1993). Unlike the Rule 29 analysis, when considering a Rule 33 motion, the "trial judge may weigh the evidence and may assess the credibility of the witnesses ...," Robertson, 110 F.3d at 1117, but must not "set aside a jury's verdict because it runs counter to [the] result the district court believed was more appropriate." Tarango, 396 F.3d at 672. "In our capacity as an appellate court, we must not revisit evidence, reevaluate witness credibility, or attempt to reconcile seemingly contradictory evidence .... Instead, we must simply concern ourselves with whether or not the district court's ultimate decision in granting or denying the motion for a new trial constituted a clear abuse of its discretion." Id. (internal citation omitted).[4]

In this particular case, we cannot conclude that the district court's ultimate decision to grant a new trial constituted an abuse of discretion. The court found that the testimony of the government's key witness, who provided the only direct evidence of wrongdoing, was unfounded and perjured; that the integrity of the verdict was called further into question by the introduction of irrelevant evidence that had no relationship to the charged misconduct, and that confused the jury; and that no substantially verbatim transcript of the trial exists to support proper appellate review. Although each of these findings might not, standing alone, be sufficient to support a new trial, given the totality of the circumstances of this case, we cannot conclude that the district court's ruling was an abuse of discretion. We therefore affirm the district court's alternative ruling granting a new trial.

---

[4] "This rule is sensible: The jury in the first instance, and the district court on rule 33 review, were in superior positions to evaluate the credibility of the witnesses, because they were able to observe their demeanors." U.S. v. Arnold, 416 F.3d 349, 360 n. 19 (5th Cir. 2005).

The judgment of the district court is

REVERSED IN PART, AFFIRMED IN PART, and REMANDED.

EDITH BROWN CLEMENT, Circuit Judge, dissenting:

While I concur in the reversal of the judgments of acquittal, I respectfully dissent from the majority's holding that the district court did not abuse its discretion when it granted the defendants a new trial. Setting aside the jury's verdict and granting a new trial in the interest of justice is appropriate "where the evidence brought forth at trial may tangentially support a guilty verdict, but in actuality, preponderates sufficiently heavily against the verdict such that a miscarriage of justice may have occurred." United States v. Tarango, 396 F.3d 666, 672 (5th Cir. 2005) (internal quotation omitted). There is no question that the evidence here, which included Collins's own financial records, testimony from Lori Lero, and testimony from multiple Texas Department of Criminal Justice employees, fully supported a guilty verdict for both defendants.

The majority relies on three factors to justify its holding. Even in combination, these factors are insufficient to justify the district court's decision to grant a new trial. First, the majority states that the district "court found that the testimony of the government's key witness, who provided the only direct evidence of wrongdoing, was unfounded and perjured." Maj. Op. at 4. This factor merely restates the district court's disagreement with the jury's verdict and credibility determinations. The evidence before the jury was both substantial and compelling, even apart from Patrick Graham's disputed testimony.

Barry claimed that he did not know that Collins was still employed by TDCJ when he began to make payments to Collins in late 1995, but TDCJ employees testified that Barry visited the TDCJ offices in December 1995, when Collins helped him obtain an identification card by introducing him as an entertainer. Graham's daughter Lori Lero, an attorney, testified that she set up the corporation Certified Technology Consultants ("CTC") with Collins's knowledge and that she was told to do so in order to facilitate payments to

Collins from Barry's company, VitaPro. CTC's financial records revealed thousands of dollars in wire transfers from VitaPro to CTC, and Collins's personal financial records showed deposits that matched the amounts VitaPro transferred to CTC. In short, there was substantial evidence of wrongdoing by Collins and Barry that did not depend directly on Graham's testimony.

Perhaps more importantly, Collins and Barry failed to present credible evidence to counter the government's case. For example, to explain thousands of dollars in cash deposited into Collins's bank account, Collins testified that he was "a voracious change saver" and that the money came from change he had collected over the years.

Second, the evidence that the district court called irrelevant and confusing was in fact both relevant and helpful and did not justify a new trial. Id. The allegedly confusing cash transactions corroborated Graham's testimony and provided evidence of a corrupt agreement between Collins and Barry. The detailed financial analysis of CTC's and Collins's bank accounts, another allegedly confusing matter, was necessary to properly trace the funds transferred to CTC from VitaPro. The allegedly confusing and irrelevant evidence regarding misuse of a social security number indicated that Barry knew that Collins was still employed by TDCJ during December 1995, contrary to Barry's testimony. This was evidence of Barry's guilty knowledge that he was paying Collins while Collins was still employed at TDCJ. The evidence of Collins's financial transactions and Barry's misuse of the social security number was neither irrelevant nor unduly confusing and did not justify granting a new trial.

Third, the district court found that "no substantially verbatim transcript of the trial exists to support proper appellate review." Id. This finding is at odds with this court's precedent regarding incomplete trial transcripts, which looks more skeptically on missing transcripts than on otherwise complete transcripts

7

which contain errors. Compare United States v. Neal, 27 F.3d 1035, 1044 (5th Cir. 1994) (holding that a more than 150-volume trial transcript containing over 300 errors was not "unreasonably incomplete or substantially inaccurate" when these errors "were primarily of a typographical nature"), with United States v. Selva, 559 F.2d 1303, 1306 (5th Cir. 1977) (remanding for a new trial when all of the closing arguments were missing from the transcript).

The present case is much more like Neal than Selva. Collins and Barry's trial was transcribed in full, and the vast majority of the errors verified in the corrected transcript were typographical in nature. In addition, 71.55% of the transcript was compared to audiotape backup and corrected to make those portions verbatim. I would hold that the transcript is sufficiently complete to permit appellate review.

As the majority noted, the district court must not "set aside a jury's verdict because it runs counter to [the] result the district court believed was more appropriate." Maj. Op. at 4 (quoting Tarango, 396 F.3d at 672). That is exactly what happened here. None of the district court's stated reasons are individually sufficient to justify a new trial, and they do not gain additional merit via aggregation. For these reasons I would reverse the district court and remand with instructions to reinstate the jury's verdict.