[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14645
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cr-20780-KMW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EMMANUEL MATHIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 17, 2013)

Before CARNES, BARKETT, and FAY, Circuit Judges.

PER CURIAM:

Emmanuel Mathis appeals his convictions for possession with intent to

distribute controlled substances, 21 U.S.C. § 841(a)(1) (Count 1); possession of a

firearm and ammunition by a convicted felon, 18 U.S.C. §§ 922(g)(1) and 924(e)(1) (Count 2); and possession of a firearm in furtherance of a drug-trafficking crime, 18 U.S.C. § 924(c)(1)(A)(i) (Count 3).  For the reasons set forth below, we affirm Mathis's convictions.

## I.

Prior to Mathis's trial, he filed a motion to suppress any post-arrest statement he made to law enforcement on the basis that he was not advised of his *Miranda* rights and did not make any incriminating statements.  At an evidentiary hearing, Wayne Tillman, a detective with the Miami Police Department ("MPD"), testified that he had advised Mathis of his *Miranda*[1] rights, and Mathis then made an incriminating statement.  A magistrate judge recommended denying Mathis's motion because the magistrate found Tillman's testimony to be credible, and the district adopted the recommendation and denied the motion.  Mathis also filed a motion *in limine*, seeking to exclude at trial the admission of evidence of his prior convictions.  The district court denied his motion in part because at least some of his prior convictions involving drugs and firearms were relevant to his intent as to the charged offenses and, thus, admissible under Fed.R.Evid. 404 ("Rule 404").

At trial, a law enforcement officer testified that he observed Mathis conducting a sale of narcotics, and when the officer approached Mathis, he fled

---

[1] *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

into an apartment.  The officer pursued Mathis into the apartment and discovered drugs near a loaded firearm.  The officer arrested Mathis and took him to the police station.  There, Mathis stated that he sold drugs for another at a drug "trap." Mathis further stated that he knew that the firearm was in the apartment and its purpose was to protect the location.  The owners of the apartment to which Mathis had fled testified that they rented the apartment to Mathis under a different name. Mathis had witnesses testify in his defense, and the defense witnesses contradicted the government's witnesses as to the circumstances of Mathis's arrest.  Mathis filed a motion for judgment of acquittal as to all three counts in the indictment, and the court denied his motion.  The jury then found Mathis guilty of the three counts. Mathis filed a motion for a new trial, arguing that (1) his witnesses contradicted the government's witnesses as to material aspects of the case; (2) the court abused its discretion in admitting evidence of his prior convictions; and (3) the court erred in denying his motion to suppress any post-arrest statement he made.  The court denied the motion.

## II.

On appeal, Mathis argues that the district court abused its discretion under Rule 404(b) when it denied his motion *in limine* to exclude his prior convictions because the government's case was so strong that the probative value of the convictions was far outweighed from the prejudice resulting from their admission.

3

Mathis contends that the court should have granted his motion *in limine* because the court was aware that the government had a strong case based on the evidentiary hearing on the motion to suppress.

We review the district court's admission of prior crimes or bad acts under Rule 404(b) for an abuse of discretion. *United States v. Ramirez*, 426 F.3d 1344, 1354 (11th Cir. 2005). Evidence of a person's character is not admissible for the purpose of proving action in conformity therewith on a particular occasion. Fed.R.Evid. 404(a). Rule 404(b), however, allows evidence of other crimes or acts to be admitted for the purpose of showing a defendant's intent. Fed.R.Evid. 404(b)(2).

To be admissible, the Rule 404(b) evidence must: (1) be relevant to an issue other than the defendant's character; (2) be proved sufficiently to permit a jury determination that the defendant committed the act; and (3) be of such a character that its probative value is not substantially outweighed by undue prejudice. *United States v. Jernigan*, 341 F.3d 1273, 1280 (11th Cir. 2003). In applying the third prong of the Rule 404(b) test, a district court must assess all of the circumstances surrounding the extrinsic offense, including prosecutorial need, the overall similarity between the extrinsic act and the charged offense, and temporal remoteness. *Id.* at 1282. Where the government has a strong case as to intent without the extrinsic offense or where intent is not contested, the prejudice to the

4

defendant may outweigh the marginal value of the admission of the extrinsic offense, such that the offense should be excluded. *United States v. Hernandez*, 896 F.2d 513, 521 (11th Cir. 1990). A district court's limiting instruction can reduce the risk of undue prejudice. *United States v. Edouard*, 485 F.3d 1324, 1346 (11th Cir. 2007). A similarity between the other act and a charged offense will make the other act highly probative as to a defendant's intent in the charged offense. *Ramirez*, 426 F.3d at 1354.

Here, the district court did not abuse its discretion in finding that the probative value of Mathis's prior convictions was not substantially outweighed by undue prejudice. Although a government witness gave eye witness testimony at trial concerning Mathis conducting a hand-to-hand transaction with another and then fleeing into the apartment where drugs and a loaded firearm were stored, Mathis vigorously disputed the accuracy of the witness's testimony, as illustrated by the witnesses he had testify in his defense at trial. Thus, the government's case was not so strong that the probative value of Mathis's prior convictions was substantially outweighed by undue prejudice. *See Hernandez*, 896 F.2d at 522 (holding that, despite the defendants only participating in the trial to cross-examine the government's witnesses, the government's case was not so strong as to intent that the court abused its discretion under Rule 404(b) in admitting evidence of the prior convictions).

5

Additionally, although evidence of five of Mathis's prior convictions was admitted, two of those convictions related to Mathis's intent with respect to the firearm charges, and three of the convictions related to the drug charges. Further, the oldest conviction presented at trial was from 2005 and was not so remote that it had no bearing on Mathis's intent. *See United States v. Lampley*, 68 F.3d 1296, 1300 (11th Cir. 1995) (providing that a 15-year time-span did not render the extrinsic acts too remote for proper consideration, despite the fact that the acts involving drugs differed in nature). Finally, the court gave limiting instructions as to the use of the evidence at the time the prior convictions were admitted and at the close of the evidence at trial, and these instructions reduced the risk of undue prejudice. *See Edouard*, 485 F.3d at 1346. Accordingly, the probative value of Mathis's prior convictions was not substantially outweighed by undue prejudice, and thus, the district court did not abuse its discretion under Rule 404(b).

## III.

Mathis argues that the district court erred in denying his motion for a new trial because, at the close of all of the evidence, it was clear that the court should not have permitted the government to introduce his prior convictions into evidence, in light of the strength of the government's case. Mathis also argues that his witnesses contradicted the government's witnesses as to several material aspects of the case. Mathis asserts that one of the owners of the apartment at issue initially

6

failed to identify him as the renter of the apartment, but the owner was allowed a "second chance" to identify Mathis after a sidebar conference. Mathis contends that the transcripts do not indicate what was discussed at sidebar and that the lack of clarity as to why the court allowed that witness a second chance to identify Mathis also supports the grant of a new trial.

We review the district court's denial of a motion for a new trial for an abuse of discretion. *United States v. Hernandez*, 433 F.3d 1328, 1332 (11th Cir. 2005). Where a motion for a new trial is based on the weight of the evidence, the district court need not view the evidence in the light most favorable to the verdict, but rather may weigh the evidence and consider the credibility of the witnesses. *Id.* at 1335. Where the court concludes that the evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred, it may set aside the verdict and grant a new trial. *Id.*

Where the same attorney represents a defendant at trial and on appeal, as is the case here, an incomplete trial transcript entitles a defendant to a new trial only where the defendant can show that the failure to record and preserve a specific portion of the trial "visits a hardship on him and prejudices his appeal." *United States v. Charles*, 313 F.3d 1278, 1283 (11th Cir. 2002) (quotation omitted). In such a case, counsel "should be expected to be aware of any errors or improprieties which may have occurred during the portion of the proceedings not recorded," and

counsel is required to "articulate the prejudice that may have resulted from the failure to record a portion of the proceedings." *United States v. Selva*, 559 F.2d 1303, 1306 (5th Cir. 1977). A defendant's vague allegation that the missing portion of the transcripts would have supported the error alleged in his brief and would have revealed certain other potential points of error that his counsel could not consider without the transcripts is insufficient to demonstrate prejudice. *United States v. Bankston*, 603 F.2d 528, 534-35 (5th Cir. 1979).

First, as discussed above, the district court did not abuse its discretion in admitting evidence of Mathis's prior convictions. Next, to the extent Mathis argues that the district court abused its discretion in denying his motion for a new trial due to his witnesses' testimony contradicting the government's witnesses' testimony, his argument is without merit. The jury implicitly rejected Mathis's witnesses' testimony and found credible the government's witnesses' version of events, as the jury found Mathis guilty. Given the testimony from the government witnesses, the verdict was reasonable, and the evidence does not weigh heavily against the verdict, such that it would be a miscarriage of justice to let it stand. *See Hernandez*, 433 F.3d at 1336-37. Finally, Mathis has failed to show that a new trial is warranted based on the gap in the transcripts. Mathis does not allege that an error occurred during the sidebar conference and bases his request for a new trial solely on the lack of clarity in the transcripts concerning the conference. A lack of

8

clarity in the transcripts, by itself, is insufficient to show prejudice. *See Selva*, 559 F.2d at 1306; *Bankston*, 603 F.2d at 534-35. Accordingly, the district court did not abuse its discretion in denying Mathis's motion for a new trial in the above respects.

### IV.

Mathis argues that the court erred in denying his motion for a new trial because, at the end of trial, the court should have realized that it had erred in denying his motion to suppress. Specifically, the evidence at trial cast doubt as to whether Mathis had confessed to Tillman on June 1, 2009. Mathis asserts that the evidence showed that Tillman completed weekly reports in June 2009 describing what he did each day, but no such report could be located in MPD records with respect to Tillman's activities on June 1, 2009. Additionally, two years prior to trial, the case agent had stated that he did not remember if Tillman was present during Mathis's interview, and the case agent never mentioned that Tillman was involved with the investigation concerning Mathis in any of the case agent's written reports. Mathis contends that this is "extraordinary" because Tillman was the government's most important witness.

We review the district court's denial of a motion for a new trial for an abuse of discretion. *Hernandez*, 433 F.3d at 1332. In reviewing the denial of a motion to suppress, we review the district court's factual findings for clear error and its

9

application of the law to the facts *de novo*. *United States v. Epps*, 613 F.3d 1093, 1097 (11th Cir. 2010). We are not restricted to the evidence presented at the suppression hearing and instead consider the record in its entirety. *Id.*

In reviewing the denial of a motion to suppress, we construe all facts in the light most favorable to the party who prevailed below and afford substantial deference to a fact finder's explicit and implicit credibility determinations. *United States v. Lewis*, 674 F.3d 1298, 1303 (11th Cir. 2012). Thus, we accept the evidence that a fact finder determined to be credible unless it is contrary to the laws of nature or improbable on its face, such that no reasonable fact finder could accept it. *United States v. Ramirez-Chilel*, 289 F.3d 744, 749 (11th Cir. 2002).

The Fifth Amendment provides that "[n]o person . . . shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V. Under the Fifth Amendment, statements a defendant makes during a custodial interrogation may not be used against him in court unless the government first advises the defendant of his rights as set forth in the Supreme Court's decision in *Miranda v. Arizona*, 384 U.S. at 479, 86 S.Ct. at 1630. *United States v. Woods*, 684 F.3d 1045, 1055 (11th Cir. 2012).

Here, although Mathis frames his argument as whether the court abused its discretion in denying his motion for a new trial, the core of his argument is that the court erred in denying his motion to suppress. The district court expressly found

10

Tillman to be credible at the suppression hearing, and it implicitly found Tillman to be credible at trial when it denied Mathis's motion for a new trial on the basis that the evidence at trial cast doubt on whether Mathis actually confessed to Tillman. Mathis has not shown on appeal that Tillman's testimony was incredible on its face, as Tillman's testimony—that he advised Mathis of his *Miranda* rights and obtained a post-arrest statement from him—was not contrary to the laws of nature or improbable on its face. *See Ramirez-Chilel*, 289 F.3d at 749. Further, another officer confirmed Tillman's testimony that he interviewed Mathis. Accordingly, because we defer to the district court's factual finding that Tillman advised Mathis of his *Miranda* rights before obtaining a post-arrest statement, the court did not err in denying Mathis's suppression motion, even where the trial evidence is reviewed.

## V.

Mathis argues that the district court erred by failing to grant a judgment of acquittal with respect to his convictions for possession of a firearm and ammunition by a convicted felon and possession of a firearm in furtherance of a drug-trafficking crime. Mathis argues that the evidence did not show that he had actual or constructive possession of a firearm or that he possessed a firearm in relation to the drug transaction observed by law enforcement.

We review both a challenge to the sufficiency of the evidence and the

11

district court's denial of a Fed.R.Crim.P. 29 motion for a judgment of acquittal *de novo*. *United States v. Gamory*, 635 F.3d 480, 497 (11th Cir. 2011). In considering the sufficiency of the evidence, we view the evidence in the light most favorable to the government, with all inferences and credibility choices made in the government's favor, and affirm the conviction if, based on this evidence, a reasonable jury could have found the defendant guilty beyond a reasonable doubt. *Id.*

To obtain a conviction for being a felon in possession of a firearm, the government must prove that (1) the defendant was a convicted felon, (2) the defendant knowingly possessed a firearm, and (3) the firearm was in or affecting interstate commerce. *United States v. Deleveaux*, 205 F.3d 1292, 1296-97 (11th Cir. 2000). To obtain a conviction for possession of a firearm in furtherance of a drug-trafficking offense, the government must prove that, during and in relation to a drug-trafficking offense, the defendant used, carried, or possessed a firearm in furtherance of that offense. *United States v. Miranda*, 425 F.3d 953, 959, 962 (11th Cir. 2005). A firearm is possessed "in furtherance" of a drug-trafficking crime where there is a nexus between the firearm and the drug-selling operation. *United States v. Brown*, 587 F.3d 1082, 1091 (11th Cir. 2009). The nexus between the firearm and the drug operation can be established by the accessibility of the firearm, the proximity of the firearm to the drugs or drug profits, and the time and

12

circumstances under which the firearm is found.  *Id.*   Where a firearm is stored next to drugs, we have held that a reasonable jury could infer that the purpose of storing firearms next to the drugs "was to provide defense or deterrence in furtherance of the drug trafficking."  *See Miranda*, 425 F.3d at 962 (quotation omitted).  Where the purpose of a firearm is to protect drugs, a reasonable jury can conclude that a defendant possessed a firearm in furtherance of a drug-trafficking activity.  *See United States v. Woodard*, 531 F.3d 1352, 1362 (11th Cir. 2008).

A defendant may "possess" a firearm through either actual or constructive possession.  *United States v. Perez*, 661 F.3d 568, 576 (11th Cir. 2011), *cert. denied*, 132 S.Ct. 1943 (2012).  The government can prove constructive possession by producing evidence showing the defendant's ownership, dominion, or control over the firearm itself or the location where the firearm is concealed.  *United States v. Villarreal*, 613 F.3d 1344, 1359 (11th Cir. 2010).  A defendant can have constructive possession of a firearm if he knows of the firearm's presence and has the power and intention to later take control over it.  *Perez*, 661 F.3d at 576.  However, a defendant's mere presence in the area of a firearm is insufficient to establish constructive possession.  *See id.*

With respect to Mathis's convictions for possession of a firearm and ammunition by a convicted felon and possession of a firearm in furtherance of a drug-trafficking activity, he disputes whether the evidence showed he possessed a

13

firearm.  The evidence showed that a law enforcement officer observed Mathis sell drugs to another individual outside of the apartment where the loaded firearm and other drugs were discovered.  Further, upon seeing the officer, Mathis fled into the apartment.  The owners of the apartment testified that they had rented the apartment to Mathis in June 2009.  Thus, the evidence showed that Mathis had dominion over the apartment where the firearm was discovered.  *See Villarreal*, 613 F.3d at 1359.  Tillman also testified that Mathis confessed to knowing about the firearm's presence in the apartment and that the firearm was there for protection with respect to "the drug activity, for protection against rivals and the like."  Based on the evidence, a reasonable jury could conclude that Mathis had constructive possession of the firearm, as he had the power to take control of the firearm and intended to use it, if necessary, to protect the drugs.  *See Perez*, 661 F.3d at 576.

Next, with respect to Mathis's conviction for possession of a firearm in furtherance of a drug-trafficking crime, he disputes whether the "in furtherance" element was satisfied.  The evidence showed that the firearm was located on a sofa next to a box with drugs on top of it.  Thus, the proximity of the firearm to the drugs illustrates that there was a nexus between the two, as a reasonable jury could infer that the purpose of storing the firearm next to the drugs was to protect the drugs.  *See Brown*, 587 F.3d at 1091; *Miranda*, 425 F.3d at 962.  Additionally,

14

Tillman testified that Mathis stated in his post-arrest statement that the firearm was kept in the drug trap for protection with respect to the drug activity. Thus, the evidence was sufficient to show that the firearm was possessed in furtherance of a drug-trafficking activity. *See Woodard*, 531 F.3d at 1362. Accordingly, sufficient evidence supports his firearm convictions.

For the foregoing reasons, we affirm Mathis's convictions.

**AFFIRMED.**