■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL GRIMMETT, Appellant.—Appeal by defendant from a judgment, Supreme Court, New York County (Martin H. Rettinger, J.), rendered May 9, 1985, convicting him, upon his plea of guilty, of two counts of robbery in the first degree, and imposing sentence, is held in abeyance pending a hearing to reconstruct a record of the plea and the matter is remanded to the sentencing court, for such hearing.

Although the full minutes, both of defendant's suppression hearing held on April 10, 1985, and the proceedings immedi-

ately preceding his sentence on May 9, 1985, are before this court, the minutes of defendant's trial, which commenced on April 12, 1985 (and which was discontinued when defendant entered his plea on April 15, 1985), have been lost.

The record of the sentencing proceedings on May 9, 1985 indicates that defendant, in a *pro se* motion previously served upon the People and his own defense counsel, sought to withdraw his plea of guilty, asserting that it had been coerced, that his defense counsel was ineffective in failing to carry out his instructions, and that he had not been made sufficiently aware of his waived rights. The People controverted these claims, urging that the court had fully informed the defendant of all of his rights and that defendant had conferred with his counsel throughout the course of taking the plea. The court denied defendant's motion to withdraw his guilty plea, stating that prior to the reception of the plea there had been a complete allocution and that the court was fully satisfied that defendant had entered his plea knowingly and intelligently. The sentencing minutes also indicate that as a condition of the plea bargain defendant had agreed to waive his right to controvert the predicate felony statement submitted by the People which set forth that he had been convicted of the crime of criminal possession of a weapon in the third degree on December 20, 1983.

Defendant now argues that in the absence of the missing plea minutes he is entitled to summary reversal of his conviction and a remand for a new trial. We disagree. Defendant is not entitled to summary reversal based on the unavailability of the plea minutes taken on April 15, 1985, until he establishes that a reconstruction of those proceedings is impossible *(People v Mealer,* 57 NY2d 214, 219; *People v Glass,* 43 NY2d 283; *People v Rivera,* 39 NY2d 519, 524-525; *see also, People v Carney,* 73 AD2d 9, 86 AD2d 987, *revd on other grounds* 58 NY2d 51). Indeed, we may be somewhat optimistic as to the viability of reconstruction here since the sentencing minutes contain considerable reference to the events which had occurred in open court when defendant was arraigned on his plea.

Accordingly, we remand the matter for a reconstruction hearing before Justice Rettinger and hold final disposition of the appeal in abeyance pending our receipt of his report and certification thereof. Concur—Sandler, J. P., Milonas, Kassal, Rosenberger and Wallach, JJ.