■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL KING, Appellant.—Judgment, Supreme Court, New York County (Frederic S. Berman, J.), rendered June 20, 1983, after a jury trial, convicting defendant of two counts of robbery in the second degree and sentencing him to two concurrent terms of from 2½ to 7½ years' imprisonment, unanimously affirmed.

Defendant was convicted of acting with an accomplice and using a gun to rob the complainant during the early morning hours, after the complainant exited the subway en route to work. Defendant and his accomplice were immediately apprehended by police officers on patrol.

The primary issue on this appeal concerns the validity of the record as reconstructed at a hearing held pursuant to this court's order upon defendant's motion for summary reversal.

Minutes of the People's direct case, consisting of two days of testimony, had not been preserved, although the minutes of defendant's case and the People's rebuttal were available for appeal. At the reconstruction hearing, the trial prosecutor, relying on her notes, exhibits, and a listing of questions and answers, testified concerning her recollection of the trial, as refreshed by those notes and the case file. Her testimony set forth the trial testimony of the complainant and the police witnesses as to defendant's description, his apprehension and statements to the police and the recovery of the complainant's property from the codefendant and a gun from the street, where defendant had been observed discarding it. The prosecutor also testified to inconsistencies in the complainant's description which we, however, find to be insignificant. Trial counsel also testified at the hearing, although we note that counsel's recollection was only general, rather than specific. The hearing court, after reviewing its own notes of the trial, over which it had presided, found that the trial prosecutor's testimony was "quite extensive and complete" and consistent with the court's notes. On this basis, the court certified the reconstructed record to be accurate.

On appeal, after reviewing the reconstructed record, as well as the preserved record of defendant's case and the People's rebuttal, we find defendant's guilt to have been proven beyond a reasonable doubt by overwhelming evidence. We also find that defendant has failed to sustain his burden of demonstrating that reconstruction was impossible (see, People v Grimmett, 127 AD2d 547, 548). Nor are we persuaded that the hearing was deficient in that none of the trial witnesses testified. While, of course, reconstruction hearings have had the participation of trial witnesses (see, e.g., People v Kenefick, 144 AD2d 997), there is no hard and fast rule that they must participate. Considering the completeness of the testimony at the reconstruction hearing in the present case, we adopt no such requirement now. Concur—Kupferman, J. P., Ross, Rosenberger and Wallach, JJ.