STATE OF CONNECTICUT *v.* RICHARD AQUART
(AC 20534)

Foti, Dranginis and Hennessy, Js.

Argued November 30, 2001—officially released April 9, 2002

*Raymond J. Rigat,* for the appellant (defendant).

*Richard F. Jacobson,* special assistant state's attorney, with whom was *John C. Smriga,* supervisory assistant state's attorney, for the appellee (state).

*Opinion*

HENNESSY, J. The defendant, Richard Aquart, appeals from the judgment of the trial court denying his motion for a new trial. On appeal, the defendant claims that the reconstructed record of his narcotics trial is inadequate to enable his appellate counsel to proceed effectively with the presentation of an appeal.[1] We affirm the judgment of the trial court.

The following facts and procedural history are undisputed. On October 30, 1986, the defendant was found guilty, after a jury trial, of possession of cocaine with intent to sell in violation of General Statutes § 21a-277 (a) and possession of marijuana with intent to sell in violation of § 21a-277 (b). The defendant absconded before his scheduled sentencing on December 12, 1986. The defendant finally was located, returned to the jurisdiction and sentenced on October 22, 1993. Following the sentencing and representations by his attorney that an appeal of his conviction would be undertaken, a motion for a waiver of fees was filed. The defendant believed at that time that an appeal had been filed on his behalf. The court did not act on the motion, however, and an appeal form and a transcript order was not filed.

[1] The defendant argues that although he has served the sentences imposed as a result of the narcotics conviction and a conviction for failure to appear for sentencing in connection therewith, his appeal is not moot because of the continuing harm he will suffer due to the conviction on his record and the civil ramifications stemming from it in connection with an immigration hearing.

Having learned that an appeal was not taken, on the advice of the office of the public defender, the defendant filed a habeas corpus petition in 1997, alleging that he had been denied his right to appeal in the narcotics case and requesting the habeas court to allow him to file a late appeal. The court granted the petition, and directed the office of the public defender to reclaim the motion for a fee waiver and appointment of counsel before the original trial court in Bridgeport and to pursue the defendant's appeal. A waiver of fees and costs was granted and counsel, on behalf of the defendant, filed an appeal and a motion to reconstruct the record.[2] The court held a hearing to reconstruct the record in which it pieced together the record by incorporating the trial file, the court's extensive trial notes and a reproduction of the jury instructions, and by soliciting the cooperation of the trial attorneys.[3] On February 16, 2001, the court, on the record, presented the parties with a typed copy of the trial judge's notes from the defendant's narcotics trial in 1986. At the February 16, 2001 hearing, the defendant offered an oral motion for a new trial on the basis of the inadequacy of the reconstructed transcript. The court denied the motion, holding that the record was adequate for appellate review. The defendant now appeals.

The defendant contends that the lack of availability of a complete trial transcript has deprived him of his constitutional right to meaningful appellate review and, therefore, principles of equity entitle him to have his case retried. We disagree.

[2] The tapes and notes of the court monitor who attended the defendant's criminal trial were destroyed pursuant to the February 4, 1998 order from the chief court administrator made in accordance with the provisions of General Statutes § 51-36 (b) to destroy such materials that were created more than seven years prior to April 1, 1998.

[3] The defendant's trial counsel, although available at the hearing on the motion for a new trial, had little or no recollection of the details of the trial.

Specifically, the defendant argues in his brief that "unless an appellate advocate with 'his trained fingers may leaf and his trained eyes may roam' [*Hardy* v. *United States*, 375 U.S. 277, 288, 84 S. Ct. 424, 11 L. Ed. 2d 331 (1964) (Goldberg, J., concurring)] in search of an error, through a verbatim transcript, his right to appeal is so undermined that a new trial is required." The state contends that the proceedings have been reconstructed sufficiently. The defendant cites General Statutes § 52-268[4] and case law to support his argument for a new trial. We will address the statute first and then the applicable case law.

Although it is true that § 52-268 allows the court to grant a motion for a new trial when the transcript of a proceeding is missing and a review for errors is not possible, the facts of this case do not meet the requirements of § 52-268. In the present case, the defendant's motion for a new trial was made orally at the February 16, 2001 hearing. Even if we assume that the court waived the requirement of § 52-268 (a) that the motion be in writing, the defendant's motion still would be inadequate to obtain a new trial pursuant to § 52-268. Section 52-268 (c) requires that a motion for a new trial

---

[4] General Statutes § 52-268 provides: "(a) Any party who intends to appeal or has appealed a final judgment of the Superior Court, or of a judge thereof, an appeal from which properly lies, may move the court in writing for a new trial if the judge who rendered judgment, or the stenographer or court reporter who took the testimony at the original trial therein if his stenographic notes are not decipherable, has died or become incapable of taking the action necessary for the appeal, and the party had complied with the rules relating to the taking of appeals before such death or incapacity.

"(b) The motion shall be filed in the court within ten days after the death or incapacity of the judge or stenographer or court reporter has become known to the party appealing from the judgment.

"(c) The motion shall contain a statement of errors which are claimed to have occurred in the trial of the matter.

"(d) After hearing the motion, the court shall grant a new trial if, in its opinion, the errors claimed to have been committed are of such a nature as fairly entitle the party appealing to a review of the errors by appeal and a review of the errors cannot otherwise be had."

"contain a statement of errors which are claimed to have occurred in the trial of the matter." The defendant's claim that he was prejudiced because the record does not contain a verbatim transcript of the 1986 narcotics trial is not equivalent to "a statement of errors which are claimed to have occurred in the trial of the matter" and, as such, § 52-268 does not entitle the defendant to a retrial of his narcotics case.

We now turn to the defendant's claim that the case law supports his motion for a new trial. Initially, we set forth the applicable standard of review. "The sufficiency of a transcript to enable the appellate courts to review the issues on appeal is a matter of fact, because the trial court is in the best position to determine whether the reconstructed record adequately reflects what occurred at the trial. An appellate court should affirm a trial court's finding that the reconstructed record was sufficient unless the appellate court finds that the trial court's determination was clearly erroneous." (Internal quotation marks omitted.) *State* v. *DePastino*, 228 Conn. 552, 558, 638 A.2d 578 (1994).

In *State* v. *Williams*, 227 Conn. 101, 629 A.2d 402 (1993), our Supreme Court set out the test for determining the sufficiency of a reconstructed record. The court noted that "[i]n determining whether a reconstructed record is sufficient, the trial court considers various factors, including the nature of the case, *the claim of error advanced by the defendant*, the availability of witnesses and exhibits from the original trial, the length of time that has passed, the length of the missing portion of the record and whether the defendant is represented by different counsel on appeal." (Emphasis added.) Id., 106.

In the present case, relying on its detailed trial notes, the memory of the state's attorney, a reconstructed set of jury instructions, the fact that no appealable issues

were set forth in the reconstructed transcript and the absence of any disagreement by the defendant with the substance of the reconstructed transcript or a claim of any omission from the reconstructed transcript that would support a ground for an appeal, the court found that the reconstructed transcript was sufficient to enable the Appellate Court to review the trial on appeal. As noted in our discussion of § 52-268, the defendant's argument is flawed by the fact that he has not put forth a claim of trial court error in his appeal. Because the defendant did not allege a claim of error, this court is left with the impossible task of determining whether the reconstructed record is inadequate to allow proper appellate review of an unknown claim. "The purpose of the reconstructed record is to enable the appellate court effectively to review identified claims of error; the record is not presumed to be complete enough to dissect in the hope of discovering hitherto unnoticed issues or errors." (Internal quotation marks omitted.) Id., 109–10.

Our Supreme Court's decisions in *State* v. *Vitale*, 190 Conn. 219, 460 A.2d 961 (1983), and *DePastino* also are instructive in addressing the defendant's claim that the reconstructed record is inadequate. In *Vitale*, our Supreme Court stated that "the absence of a portion of the transcript does not warrant a new trial unless the proceedings cannot be sufficiently reconstructed to allow effective appellate review of the claims raised by the defendant." Id., 223. In *DePastino*, the court wrote that "[t]he state is not required to furnish to the defendant a verbatim transcript of the underlying trial. . . . The state must ensure only that the record is adequate for effective appellate review of any claims of error raised by the defendant. . . . A new trial is required only if the record, as reconstructed, is inadequate for this purpose." (Citations omitted.) *State* v. *DePastino*, supra, 228 Conn. 557–58. In both of those

cases, as in *Williams*, it was necessary to the court's determination of the adequacy of the record that the defendant raise a claim of error. Consequently, because the defendant in this case did not put forth a claim of error, he has failed to sustain his burden of showing that the court's determination was clearly erroneous.

The defendant next argues that there is a presumption that he was prejudiced by the reconstructed transcript and is entitled to a new trial because (1) there is a substantial and significant omission in the reconstructed transcript and (2) his appellate counsel in the present case was not his trial counsel in the narcotics case. The defendant has failed to provide this court with factual support for his claim that there is a substantial and significant omission in the reconstructed transcript and, accordingly, we decline to review his claim.

Second, the defendant argues that having new appellate counsel raises a presumption that his appeal is prejudiced. He claims that when appellate counsel also acts as trial counsel, there is an expectation that he or she would be aware of any errors or improprieties that may have occurred during the portion of the proceedings for which there is no transcript. The defendant argues that he is prejudiced because he does not have the benefit of that expectation, coupled with the fact that his trial counsel, although available at the hearing on the motion for a new trial, had little or no recollection of the details of the trial.

In support of his claim, the defendant relies on *United States* v. *Selva*, 559 F.2d 1303 (5th Cir. 1977). The defendant's reliance on *Selva*, however, is misplaced. In *Selva*, the closing arguments were not recorded as a result of the illness of the court reporter. Id., 1304. The judgment of conviction was reversed, and the case was remanded to the United States District Court for a new

trial. Id., 1305. In *Selva*, the United States Court of Appeals for the Fifth Circuit held that "although [the] appellant alleges no specific error to have occurred during the unrecorded portion of the proceeding, the fact that his new appellate counsel is foreclosed from examining for possible error a substantial and crucial portion of the trial renders illusory his right to appeal." Id. The District Court had determined that it was not possible to reconstruct a substantially verbatim account of the final arguments. Id. The Fifth Circuit thereafter ordered a new trial. Id.

*Selva* presents a case in which the District Court found that it was not possible to reconstruct the record and, nevertheless, denied a new trial. In sharp contrast, the trial court in the present case found that the reconstructed transcript was sufficient for appellate review of the trial.

"Some of the federal courts have held that where a defendant is represented by new counsel on appeal, as in this case, a presumption of prejudice sufficient to mandate a new trial arises whenever there is a substantial and significant omission in the transcript. *United States* v. *Taylor*, 607 F.2d 153, 154 [(1979) [on appeal after remand], 631 F.2d 419 (5th Cir. 1980); *United States* v. *Brumley*, 560 F.2d 1268, 1281 (5th Cir. 1977); *United States* v. *Selva*, [supra, 559 F.2d 1305]. The majority rule, however, is that the absence of a portion of the transcript does not warrant a new trial unless the proceedings cannot be sufficiently reconstructed to allow effective appellate review of the claims raised by the defendant. *State* v. *Stafford*, 223 Kan. 62, 64, 573 P.2d 970 (1977); *Smith* v. *State*, 291 Md. 125, 137, 433 A.2d 1143 (1981); *Commonwealth* v. *Harris*, 376 Mass. 74, 77–79, 379 N.E.2d 1073 (1978); *People* v. *Glass*, 43 N.Y.2d 283, 286–87, 372 N.E.2d 24 [401 N.Y.S.2d 189] (1977)." *State* v. *Vitale*, supra, 190 Conn. 223. Given that the defendant has not put forth in his motion for

a new trial or on appeal any claim of error that occurred in the trial of the matter, as is required by § 52-268 (c), we agree with the court's conclusion in its hearing on the defendant's motion that the reconstructed transcript was "adequate for the purpose it needs now to be used." Accordingly, the ruling of the court was not clearly erroneous.

The judgment is affirmed.

In this opinion the other judges concurred.