# STATE OF CONNECTICUT *v.* WAYNE A. RAE, JR.
## (AC 29563)

Gruendel, Lavine and Mihalakos, Js.

Argued October 28, 2009—officially released March 9, 2010

*Christopher Y. Duby*, special public defender, for the appellant (defendant).

*Michele C. Lukban*, senior assistant state's attorney, with whom, on the brief, were *John A. Connelly*, state's attorney, and *Karen Diebolt*, assistant state's attorney, for the appellee (state).

*Opinion*

MIHALAKOS, J. The defendant, Wayne A. Rae, Jr., appeals from the judgment of the trial court revoking his probation and sentencing him to three years of incarceration, execution suspended after two and one-half years, followed by one year and ten months probation. The defendant claims that the court should establish a per se rule that a missing transcript of an alleged prosecutorial impropriety occurring during a substantive criminal proceeding[1] requires a new trial. We affirm the judgment of the trial court.

The court found the following facts. On August 22, 2003, the defendant entered a guilty plea to the charge of burglary in the second degree in violation of General Statutes § 53a-102. The court, *Rodriguez, J.*, sentenced the defendant to a total effective term of four years of incarceration, execution suspended after one year, and four years of probation. Among the defendant's conditions of probation was the standard condition of probation that he not violate any criminal laws while on probation, as well as special conditions, which included

[1] Although the defendant refers to the probation revocation hearing as a "substantive criminal proceeding," we recognize that it is well settled that "revocation hearings are not criminal proceedings." *State* v. *McDowell*, 242 Conn. 648, 653, 699 A.2d 987 (1997); see also *Morrissey* v. *Brewer*, 408 U.S. 471, 480, 92 S. Ct. 2593, 33 L. Ed. 2d 484 (1972). Nonetheless, we will apply our analysis as if the misidentification did not appear.

that he (1) have no contact with the victim in that case, (2) pay restitution to that victim, (3) receive anger management counseling, (4) receive substance abuse evaluation and treatment and (5) submit to random urinalysis.

During his probationary period, on July 11, 2007, the defendant was arrested and charged with violating the terms of his probation pursuant to General Statutes § 53a-32.[2] The state alleged that the defendant violated his probation by violating our criminal laws and by failing to complete his substance abuse evaluation and treatment. At the defendant's probation violation hearing, on November 19 and 20, 2007, the court, *Markle, J.*, found that the defendant had violated his probation by engaging in inappropriate conduct with minors and by failing to complete his substance abuse treatment.

On November 21, 2007, after finding that the defendant had violated his probation in the aforementioned ways, the court addressed the dispositional phase of the probation revocation proceeding. Although the proceeding was not transcribed,[3] the court had taken copious notes that day and had drafted its decision the previous evening. The court found that the state had met its burden of proof by a preponderance of the evidence that the defendant had committed all three alleged violations of probation. The court also concluded that the beneficial purposes of probation would not be served by offering the defendant further probationary services due to his erratic behavior and multiple failures to comply with his substance abuse treatment.

---

[2] General Statutes § 53a-32 (a) provides in relevant part: "At any time during the period of probation . . . the court or any judge thereof may issue a warrant for the arrest of a defendant for violation of any of the conditions of probation . . . ."

[3] The court reporter's equipment malfunctioned that day and failed to record the proceedings.

The court revoked the defendant's probation and sentenced him to a total effective term of three years of incarceration, execution suspended after two and one-half years, followed by one year and ten months probation.

Although the proceedings of November 19 and 20, 2007, were recorded, the court reporter was unable to record the court's findings on November 21, 2007. On January 24, 2008, the court convened a hearing to read its decision into the record based on its notes and previously prepared draft decision. The state confirmed that its notes were consistent with the court's notes regarding the defendant's sentence and conditions of probation. The defendant asserted that he did not have any notes from that day and objected to any attempt to re-create the record for fear that it might jeopardize his appellate rights and rights with regard to his pending criminal trial.[4] Defense counsel requested a two week continuance to research the issue and contact the defendant's appellate attorney. The court denied the defendant's request, stating: "It's my understanding that this would not be the first time that this has occurred in the history of Connecticut courts and that certainly his appellate rights still stand . . . [b]ut I took copious notes that day of my decision. It was written out the night before, before I put it on the record. So, I am going to read from the notes that I prepared for the purposes of entering my findings."

The court then read its findings into the record. On August 25, 2008, the court held a rectification hearing to determine if there were additional facts outside the reconstructed record that needed to be included to

---

[4] Defense counsel particularly was concerned with preserving the defendant's appellate claim that the prosecutor had made comments referring to evidence that was outside the record. The defendant represented that he did not know if the alleged impropriety had occurred on November 20 or 21, 2007, because he had no notes.

create an adequate record for appeal. The court monitor testified, and the court admitted into evidence the complete six page record of the court monitor's notes that were contemporaneously taken on November 21, 2007. The court found that the court monitor's notes, along with the court's findings that were read into the record on January 24, 2008, were a sufficient substitute for a verbatim transcript. Consequently, the court found that there was an adequate record for appellate review.

The defendant subsequently appealed to this court. On appeal, the defendant contends that the unavailability of a complete trial transcript has deprived him of his constitutional right to meaningful appellate review. He claims that the court should establish a per se rule that a missing transcript of an alleged prosecutorial impropriety during a probation revocation proceeding requires the court to order a new trial. We disagree.

"The absence of a portion of the trial transcript does not mandate a new trial. *State* v. *Williams*, 227 Conn. 101, 105, 629 A.2d 402 (1993). The state is not required to furnish to the defendant a verbatim transcript of the underlying trial. . . . The state must ensure only that the record is adequate for effective appellate review of any claims of error raised by the defendant. . . . A new trial is required only if the record, as reconstructed, is inadequate for this purpose. . . . The sufficiency of a transcript to enable the appellate courts to review the issues on appeal is a matter of fact, because the trial court is in the best position to determine whether the reconstructed record adequately reflects what occurred at the trial. An appellate court should affirm a trial court's finding that the reconstructed record was sufficient unless the appellate court finds that the trial court's determination was clearly erroneous. . . .

"In most cases concerning reconstructed transcripts, the missing portion of the transcript consists primarily

of the testimony of witnesses. See, e.g., id., 104–105 (proceedings of one afternoon of trial missing); *Commonwealth* v. *Harris*, 376 Mass. 74, 78–79, 379 N.E.2d 1073 (1978) (entire transcript missing); *People* v. *King*, 160 App. Div. [2d] 531, 532, 554 N.Y.S.2d 517, appeal denied, 76 N.Y.2d 847, 559 N.E.2d 1291, 560 N.Y.S.2d 132 (1990) (state's entire case missing)." (Citations omitted; internal quotation marks omitted.) *State* v. *DePastino*, 228 Conn. 552, 557–58, 638 A.2d 578 (1994).

"In determining whether a reconstructed record is sufficient, the trial court considers various factors, including the nature of the case, the claim of error advanced by the defendant, the availability of witnesses and exhibits from the original trial, the length of time that has passed, the length of the missing portion of the record and whether the defendant is represented by different counsel on appeal." *State* v. *Williams*, supra, 227 Conn. 106. "The purpose of the reconstructed record is to enable the appellate court effectively to review identified claims of error; the record is not presumed to be complete enough to dissect in the hope of discovering hitherto unnoticed issues or errors." (Internal quotation marks omitted.) Id., 109–10.

In the present case, only the transcript of the dispositional phase of the hearing, on November 21, 2007, was omitted. Although that portion of the proceeding was not transcribed, the court already had drafted its decision the previous evening and had taken copious notes that day. Further, the court admitted the complete six page record of the court monitor's notes that were taken on November 21, 2007. The court certified that the court monitor's notes, coupled with the court's notes, sufficiently reconstructed the record for November 21, 2007, to allow for appellate review.

The gravamen of the defendant's claim is that during the dispositional phase, the prosecutor made inappropriate statements, not preserved in the reconstructed

record, that may have influenced the sentencing court. He claims that the prosecutor at some point referenced an incident that happened in court, where the defendant had approached the father of the victims and quietly uttered the word "sweet."[5] On November 21, 2007, the prosecutor also noted that the defendant had attempted to stare her down in court, leading the prosecutor to rhetorically inquire, "what does he do at home to these children?"[6] The defendant claims that both statements were examples of prosecutorial impropriety that would be lost on appeal through a reconstructed record. The defendant's claim is without merit. Through the state's stipulations and the court monitor's notes, there is sufficient factual basis for the defendant to bring an appellate claim on the issue of prosecutorial impropriety.

Whether a transcript is sufficient for appellate review is a question of fact for the trial court. The defendant asks that we circumvent the procedural and statutory mechanisms already available to a defendant wanting to challenge the adequacy of a reconstructed record.[7]

---

[5] The state stipulated in writing that the prosecutor referenced this incident during argument for sentencing.

[6] This statement is included on page five of the court monitor's notes from November 21, 2007.

[7] In support of his claim, the defendant relies on *United States* v. *Selva*, 559 F.2d 1303 (5th Cir. 1977). The defendant's reliance on *Selva*, however, is misplaced. "In *Selva*, the closing arguments were not recorded as a result of the illness of the court reporter. . . . The judgment of conviction was reversed, and the case was remanded to the United States District Court for a new trial. . . . In *Selva*, the United States Court of Appeals for the Fifth Circuit held that 'although [the] appellant alleges no specific error to have occurred during the unrecorded portion of the proceeding, the fact that his new appellate counsel is foreclosed from examining for possible error a substantial and crucial portion of the trial renders illusory his right to appeal.' . . . The District Court had determined that it was not possible to reconstruct a substantially verbatim account of the final arguments. . . . The Fifth Circuit thereafter ordered a new trial. . . . *Selva* presents a case in which the District Court found that it was not possible to reconstruct the record and, nevertheless, denied a new trial." (Citations omitted.) *State* v. *Aquart*, 69 Conn. App. 21, 27–28, 793 A.2d 1185, cert. denied, 260 Conn. 926, 797 A.2d 521 (2002). In sharp contrast, in this case, as in *Aquart*, the

In so doing, he proposes that we use our supervisory powers to adopt a per se rule that a new trial be required whenever there is a missing transcript of an alleged prosecutorial impropriety during a probation revocation proceeding. We recognize that "[o]ur supervisory authority [however] is not a form of free-floating justice, untethered to legal principle. . . . [T]he integrity of the judicial system serves as a unifying principle behind the seemingly disparate use of our supervisory powers. . . . [O]ur supervisory powers are invoked only in the rare circumstance where [the] traditional protections are inadequate to ensure the fair and just administration of the courts . . . ." (Internal quotation marks omitted.) *State* v. *Mukhtaar*, 253 Conn. 280, 290 n.11, 750 A.2d 1059 (2000).

In the present case, the protections provided to this defendant were sufficient to ensure that the reconstructed record was adequate for appellate review, as this case does not present "the rare circumstance where [the] traditional protections are inadequate to ensure the fair and just administration of the courts . . . ." (Internal quotation marks omitted.) *Somers* v. *Chan*, 110 Conn. App. 511, 533, 955 A.2d 667 (2008). Therefore, we decline to exercise our supervisory powers, as requested by the defendant.

The judgment is affirmed.

In this opinion the other judges concurred.

---

trial court found that the reconstructed transcript was sufficient for appellate review of the trial. See id., 23.