STATE OF CONNECTICUT *v.* JORGE BENITEZ
(AC 31422)

Harper, Alvord and Pellegrino, Js.

Argued April 14—officially released July 20, 2010

*Peter J. Matthews*, with whom, on the brief, was *Mark S. Solak*, for the appellant (defendant).

*Rocco A. Chiarenza*, special deputy assistant state's attorney, with whom, on the brief, were *Patricia M.*

*Froehlich*, state's attorney, and *Bonnie R. Bentley* and *Roger Caridad*, senior assistant state's attorneys, for the appellee (state).

*Opinion*

HARPER, J. The defendant, Jorge Benitez, appeals from the judgment of conviction, rendered following a jury trial, of arson in the first degree in violation of General Statutes §§ 53a-8 and 53a-111 (a) (4), conspiracy to commit arson in the second degree in violation of General Statutes §§ 53a-48 (a) and 53a-112 (a) (1) (A), criminal mischief in the first degree in violation of General Statutes §§ 53a-8 and 53a-115 (a) (1), conspiracy to commit criminal mischief in the first degree in violation of General Statutes §§ 53a-48 (a) and 53a-115 (a) (1), and inciting injury to persons in violation of General Statutes § 53a-179a.[1] The defendant claims that (1) the trial court deprived him of a fair trial by failing to ensure that a record was created of what transpired when the jury visited the scene of the crime, (2) prosecutorial impropriety deprived him of a fair trial and (3) the court improperly denied his motion for a judgment of acquittal as to the crime of arson in the first degree. We affirm the judgment of the trial court.

The jury reasonably could have found that, following a dispute involving the sale of automobiles by the victim to the defendant, the defendant hired Jorge Delgado to set fire to a storage shed on the victim's property. On April 19, 2006, Delgado and his brother, Frankie Delgado, entered the shed and, using accelerant, set fire to it. As the brothers fled from the scene, the victim, who was guarding his property while armed with a rifle,

---

[1] Additionally, as alleged in a part B information, the court found the defendant guilty of being a persistent felony offender under General Statutes § 53a-40 (f). The court sentenced the defendant to a total effective term of incarceration of fifteen years, execution suspended after thirteen years, followed by a five year term of probation.

discharged his rifle in their direction. Jorge Delgado was struck in the arm by a bullet. Later, Jorge Delgado implicated the defendant in the plan to set the fire.

The victim attempted to put out the fire, to no avail. The fire destroyed the victim's shed and damaged the victim's boat. The fire also damaged a neighbor's storage shed, siding on a neighbor's residence, a fence bordering the victim's property and several trees. A member of the victim's family called 911, and firefighters from several fire departments responded to the scene. One firefighter sustained an ankle injury while battling the fire. Additional facts will be set forth as necessary.

I

First, the defendant claims that the court deprived him of a fair trial by failing to ensure that a record was created of what transpired when the jury visited the scene of the crime. We disagree.

The record reflects that, on May 21, 2008, the state filed a motion in limine, requesting that the jury be permitted to tour the crime scene and to hear "a brief description of the scene" from Joseph McCusker, a state police detective. The defendant joined in the state's motion, and it was granted by the court. Prior to the visit, the parties agreed on a list of points of interest at the crime scene that McCusker would identify for the jury.

There is no transcript of what McCusker stated during the visit to the crime scene. When court reconvened following the visit, the defendant's attorney objected to McCusker's commentary at the crime scene, recalling that McCusker had deviated from the commentary agreed on by the parties. Although the court disagreed with defense counsel's recollection of McCusker's comments, it delivered a curative instruction to the jury.

The defendant's attorney agreed with the instruction and did not revisit the issue during the remainder of the trial. After the defendant filed the present appeal, he filed three motions for articulation related to the jury's visit to the crime scene. In relevant part, the court responded by stating that there was no transcript of McCusker's remarks at the crime scene and that, to its recollection, McCusker had not deviated from noting the points of interest on which the parties had agreed.

On appeal, the defendant claims that the court violated Practice Book § 42-6 by failing to ensure that a record was created of what transpired during the jury's visit to the crime scene. The defendant claims that the court's failure to "preserve the record" deprived him of a fair trial because it had the effect of precluding him from raising on appeal the issue that he had raised at trial, namely, that McCusker made inappropriate comments to the jury during the jury's visit to the crime scene, or other issues related to the jury's visit to the crime scene that might have been discovered during the appeal process. The defendant argues that the record is inadequate for review because "any reconstructed record [would] not adequately reflect all of the comments made by . . . McCusker [at the crime scene]." The defendant seeks review of this unpreserved claim under *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989), and the plain error doctrine. See Practice Book § 60-5.

Under *Golding*, a party "can prevail on a claim of constitutional error not preserved at trial only if *all* of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless

error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt. In the absence of any one of these conditions, the defendant's claim will fail. The appellate tribunal is free, therefore, to respond to the defendant's claim by focusing on whichever condition is most relevant in the particular circumstances." (Emphasis in original.) *State* v. *Golding*, supra, 213 Conn. 239–40.

The record is adequate to review the defendant's claim, and the defendant's claim is of constitutional magnitude, alleging that the court's failure to ensure that a record was created deprived him of his ability to challenge what occurred during his trial and, thus, his due process right to a fair trial. See *State* v. *Austin*, 195 Conn. 496, 504, 488 A.2d 1250 (1985) ("we recognize that the defendant has a right to a full record of trial proceedings so that proper appellate review may be had . . . [but] this, like other constitutional rights, may be waived" [citations omitted]). The defendant, however, cannot demonstrate that a constitutional violation clearly exists and clearly deprived him of a fair trial. "The absence of a portion of the trial transcript does not mandate a new trial. A new trial is required only if the proceedings cannot be sufficiently reconstructed to allow effective appellate review of the claims raised by the defendant." (Internal quotation marks omitted.) *State* v. *Williams*, 227 Conn. 101, 105, 629 A.2d 402 (1993). "[A]lternative methods of reporting trial proceedings are permissible if they place before the appellate court an equivalent report of the events at trial from which the appellant's contentions arise." (Internal quotation marks omitted.) *State* v. *Vitale*, 190 Conn. 219, 224, 460 A.2d 961 (1983). Our rules of practice afford a procedural remedy to an appellant who wants to rectify a record for purposes of appeal; the defendant had the right to file a motion for rectification of the record and, if necessary, request that the court hold a

hearing related to the motion. See Practice Book § 66-5; see also *State* v. *Rae*, 119 Conn. App. 740, 746–47, 989 A.2d 126, cert. denied, 296 Conn. 908, 993 A.2d 468 (2010).

It was up to the court, in the first instance, to determine whether a record of what transpired during the visit to the crime scene could adequately be reconstructed for purposes of the defendant's appeal; see *State* v. *Williams*, supra, 227 Conn. 106; and the defendant had the right to seek review of the court's ruling in this regard. See *State* v. *Aquart*, 69 Conn. App. 21, 26–29, 793 A.2d 1185, cert. denied, 260 Conn. 926, 797 A.2d 521 (2002). The defendant did not avail himself of his right to seek rectification of the record, and, unlike the defendant, we do not presume that a transcript of the proceeding at issue was the only means by which he could have proven his claim related to McCusker's comments. In the absence of a showing that the record could not be adequately reconstructed, the defendant has not demonstrated any prejudice in the proceedings. Accordingly, we reject the defendant's claim that a constitutional violation clearly exists and clearly deprived him of a fair trial.[2]

## II

Next, the defendant claims that prosecutorial impropriety during closing argument deprived him of his due process right to a fair trial. The defendant argues that, on two occasions during closing argument, the prosecutor misstated the evidence and engaged in misleading argument. We disagree.

At trial, the defendant objected to one of the two arguments at issue. Nonetheless, the claim related to both arguments is reviewable on appeal pursuant to

---

[2] In light of the defendant's failure to seek a rectification of the record, we do not conclude that the claimed error warrants reversal of the judgment under the plain error doctrine, codified in Practice Book § 60-5.

*State* v. *Stevenson*, 269 Conn. 563, 572–74, 849 A.2d 626 (2004). In reviewing claims of prosecutorial impropriety, we must determine whether impropriety, in fact, occurred. If impropriety occurred, we must, by considering the factors set forth in *State* v. *Williams*, 204 Conn. 523, 540, 529 A.2d 653 (1987), determine whether it deprived the defendant of his due process right to a fair trial. See *State* v. *Reynolds*, 118 Conn. App. 278, 291–92, 983 A.2d 874 (2009), cert. denied, 294 Conn. 933, 987 A.2d 1029 (2010).

We carefully have reviewed the evidence presented at trial, the challenged arguments of the prosecutor and the arguments raised on appeal by the defendant. We conclude that the arguments of the prosecutor properly were based on the evidence and the reasonable inferences to be drawn from the evidence. Argument of such nature is not improper. See, e.g., *State* v. *Moore*, 293 Conn. 781, 817, 981 A.2d 1030 (2009) ("prosecutor may argue the state's case forcefully, [provided the argument is] fair and based [on] the facts in evidence and the reasonable inferences to be drawn therefrom" [internal quotation marks omitted]), cert. denied, 560 U.S. 954, 130 S. Ct. 3386, 177 L. Ed. 2d 306 (2010); *State* v. *Long*, 293 Conn. 31, 38, 975 A.2d 660 (2009) ("prosecutor . . . is not barred from commenting on the evidence presented at trial or urging the jury to draw reasonable inferences from the evidence that support the state's theory of the case"). Accordingly, we are not persuaded that impropriety occurred and, thus, reject the defendant's claim.

### III

Finally, the defendant claims that the court improperly denied his motion for a judgment of acquittal as to the crime of arson in the first degree. We disagree.

At the close of the state's case-in-chief, the defendant moved for a judgment of acquittal. With regard to the crime of arson in the first degree, the defendant argued

that the state had failed to present evidence to satisfy its burden of proof that, at the scene of the fire, a peace officer or firefighter was "subjected to a substantial risk of bodily injury." General Statutes § 53a-111 (a) (4). The court denied the motion. On appeal, the defendant, raising materially similar arguments, argues that the court's ruling was improper.

"The standard of appellate review of a denial of a motion for a judgment of acquittal has been settled by judicial decision. . . . The issue to be determined is whether the jury could have reasonably concluded, from the facts established and the reasonable inferences which could be drawn from those facts, that the cumulative effect was to establish guilt beyond a reasonable doubt . . . . The facts and the reasonable inferences stemming from the facts must be given a construction most favorable to sustaining the jury's verdict. . . . It is established case law that when a defendant challenges the sufficiency of the evidence, we apply a twofold test. We first review the evidence . . . in the light most favorable to sustaining the jury's verdict. We then determine whether, upon the facts thus established and the inferences reasonably drawn . . . the jury could reasonably have concluded that the cumulative effect of the evidence established guilt beyond a reasonable doubt . . . . In this process of review, it does not diminish the probative force of the evidence that it consists, in whole or in part, of evidence that is circumstantial rather than direct." (Internal quotation marks omitted.) *State* v. *Bonner*, 110 Conn. App. 621, 636–37, 955 A.2d 625, cert. denied, 289 Conn. 955, 961 A.2d 421 (2008).

Following our careful review of the evidence presented at trial, we conclude that the evidence supported a finding that, at the scene of the fire on the victim's property, "a peace officer or firefighter [was] subjected to a substantial risk of bodily injury." General Statutes

§ 53a-111 (a) (4). The state presented evidence of the following facts. The fire occurred at night, and it was set in a wooden structure that was in proximity to residential structures. Flames from the fire reached heights of approximately seventy-five feet. The victim's property is located in a rural, wooded location without fire hydrants nearby. Firefighters from several fire departments had to transport water to the scene. The victim's property featured hilly terrain that required the responding firefighters to exercise extra caution in battling the fire. Additionally, the state presented evidence that one firefighter at the scene, Rocco Navarro, sustained a fractured ankle when a pressurized water hose struck him. On the basis of this evidence, and the rational inferences drawn therefrom, we conclude that the state presented sufficient evidence to satisfy its burden of proof as to the essential element of the crime challenged on appeal. Accordingly, we uphold the court's denial of the defendant's motion.

The judgment is affirmed.

In this opinion the other judges concurred.