******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

STATE OF CONNECTICUT *v.* CLEVELAND BROWN
(AC 41386)

DiPentima, C. J., and Elgo and Norcott, Js.

*Syllabus*

Convicted, following a jury trial, of the crimes of murder and carrying a
pistol without a permit, the defendant appealed. On appeal, he claimed,
for the first time, that the trial court improperly failed to ensure that
the trial transcript reflected each juror's oral concurrence with the jury
verdict, in violation of his state and federal constitutional due process
rights. Initially, the jury had announced its verdict in the absence of the
court monitor. Thereafter, the court monitor returned, and the trial court
instructed the jury foreperson to reiterate the jury's verdict so that it
would appear on the transcript. *Held* that the record was inadequate to
review the defendant's unpreserved claim, pursuant to *State* v. *Golding*,
(213 Conn. 233), that his state and federal constitutional due process
rights had been violated; although the defendant argued that there was
an adequate record because the transcript set forth the trial court's
remarks after the portion of the proceedings in which the foreperson
stated the jury's verdict at trial, defense counsel made no attempt to
make a record of what transpired during the unrecorded announcement
of the verdict, and without a record, this court could not establish the
factual predicate necessary to review the defendant's claim of error.

Argued September 17—officially released November 6, 2018

*Procedural History*

Information charging the defendant with the crimes
of murder, felony murder, attempt to commit robbery
in the first degree, criminal possession of a firearm;,
and carrying a pistol without a permit, brought to the
Superior Court in the judicial district of Hartford; there-
after, the defendant elected a court trial as to the charge
of criminal possession of a firearm; subsequently, the
state entered a nolle persequi as to that charge; there-
after, the remaining charges were tried to the jury
before *Dewey, J.*; verdict and judgment of guilty of
murder and carrying a pistol without a permit, from
which the defendant appealed. *Affirmed.*

*Stephanie L. Evans*, for the appellant (defendant).

*Jennifer F. Miller*, assistant state's attorney, with
whom, on the brief, were *Gail P. Hardy*, state's attor-
ney, and *Chris A. Pelosi*, senior assistant state's attor-
ney, for the appellee (state).

*Opinion*

PER CURIAM. The defendant, Cleveland Brown, appeals from the judgment of conviction, rendered after a jury trial, of murder in violation of General Statutes § 53a-54a (a) and carrying a pistol without permit in violation of General Statutes § 29-35 (a). On appeal he claims that the trial court failed to ensure that the trial transcript reflected each individual juror's oral concurrence with the jury verdict. Specifically, the defendant argues that Practice Book § 42-29, which provides that "the verdict shall be . . . announced by the jury in open court," requires that all jurors orally concur with the verdict, and that the trial court's failure to ensure that this procedure was transcribed on the record violated his state and federal constitutional due process rights. In response, the state argues that the record is inadequate for review. We agree with the state that we have an inadequate record for review in the present case.[1] Accordingly, we affirm the judgment of the trial court.

The following facts and procedural history are relevant to the defendant's appeal. The defendant was tried before a jury on a four count information charging him with murder in violation of § 53a-54a (a), felony murder in violation of General Statutes § 53a-54c, attempt to commit robbery in the first degree in violation of General Statutes §§ 53a-49 (a) (2) and 53a-134 (a), and carrying a pistol without a permit in violation of § 29-35 (a).[2] The jury initially announced its verdict in the absence of the court monitor and, therefore, it was not transcribed. Once the court monitor was present, the court instructed the jury foreperson to reiterate the verdict. The following colloquy took place:

"The Court: Are you ready. All right. I'm going to note for the record that the verdict was already announced by the jurors. Unfortunately, the monitor was not here—was not called. So for the record all of the juror's names were called out. All of the jurors indicated they are present. The only portion that you're going to reread is the actual verdict itself the questions. All right. If the foreperson could please stand. Thank you. All right. Do it again.

"The Clerk: Madam Foreperson, has the jury reached a verdict in the case of the state of Connecticut versus Cleveland Brown, docket number HHD-CR14-0676472T, please answer yes or no.

"Madam Foreperson: Yes.

"The Clerk: Will defendant, Cleveland Brown, please rise and remain standing.

"Madam Foreperson, in the first count charging the defendant with the crime of murder in violation of Connecticut General Statutes § 53a-54a (a), do you find the defendant guilty or not guilty.

"Madam Foreperson: Guilty.

"The Clerk: In count two, charging the defendant with the crime of felony murder in violation of Connecticut General Statutes § 53a-54c, do you find the defendant guilty or not guilty?

"Madam Foreperson: Not guilty.

"The Clerk: In count three charging the defendant with the crime of attempted robbery in the first degree in violation of Connecticut General [Statutes] §§ 53a-49a (2) [and] 53a-134a, do you find the defendant guilty or not guilty?

"Madam Foreperson: Not guilty.

"The Clerk: In count four charging the defendant with the crime of pistol without a permit in violation of Connecticut General [Statutes] § 29-35 (a), do you find the defendant guilty or not guilty?

"Madam Foreperson: Guilty.

"The Court: The verdict was ordered recorded. The verdict was repeated. All of the jurors concurred in the verdict. Thank you. The sentencing date was set for—

"[Defense Counsel]: The twelfth.

"The Court: —May 12th. With that now is there anything further from counsel?

"[The Prosecutor]: How to address bond after or now, Your Honor?

"The Court: Afterwards. I'm going to have the jurors and the alternates if you can just go into the jury room for just a few minutes. We'll take just a few minutes.

"[Defense Counsel]: For the record, Your Honor, I do concur that all of the jurors did nod[3] affirmatively—

"The Court: Thank you. If you can just wait in the jury room. I'll be right there. Okay?"

The court sentenced the defendant to a total effective term of fifty years incarceration. This appeal followed.

The defendant claims for the first time on appeal that the court erred because it did not take steps to ensure that each individual member of the jury announced the jury verdict on the record. The defendant nevertheless asks us to review his claim under *State* v. *Golding*, 213 Conn. 233, 567 A.2d 823 (1989). Under *Golding*, when a defendant raises a claim of constitutional error for the first time on appeal, the claim is reviewable only if the defendant satisfies all of the following conditions: "(1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation . . . exists and . . . deprived the [defendant] of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demon-

strate harmlessness of the alleged constitutional violation beyond a reasonable doubt." (Internal quotation marks omitted.) *In re Yasiel R.*, 317 Conn. 773, 779–81, 120 A.3d 1188 (reviewing standard set forth in *State* v. *Golding*, supra, 233, and modifying third prong). When raising a claim for the first time on appeal, the defendant "bears the responsibility for providing a record that is adequate . . . . If the facts revealed by the record are insufficient, unclear or ambiguous as to whether a constitutional violation has occurred, [this court] will not attempt to supplement or reconstruct the record, or to make factual determinations, in order to decide the defendant's claim." *State* v. *Golding*, supra, 240.

Here, the defendant claims that the record is adequate for review under the first prong of *Golding* because the transcript sets forth the trial court's remarks after the portion of the proceedings in which the foreperson stated the jury's verdict. In response, the state contends that the defendant did not provide an adequate record for review because he did not attempt to supplement or reconstruct the record so as to fill in the gap that occurred in the transcript when the jury initially announced its verdict in the absence of the court monitor. We agree with the state.

In the present case, we do not have a record of the jury's initial announcement of its verdict because the court monitor was not present for that part of the proceedings. The record available to us reveals that when the court monitor returned, the court instructed the jury foreperson to reiterate the jury's verdict so that it would appear on the transcript. The court reiterated each charge, and the jury foreperson announced the jury's verdict accordingly. Subsequently, defense counsel noted on the record that each member of the jury nodded in agreement with the verdict.[4]

At trial defense counsel made no attempt to make a record of what transpired during the unrecorded announcement of the verdict. Without a record, we cannot establish the factual predicate necessary to review the defendant's claim of error and, therefore, cannot discern whether a colorable claim exists. See Practice Book § 66-5; see also *State* v. *Benitez*, 122 Conn. App. 608, 613–14, 998 A.2d 844 (2010) (holding that although record was adequate for review, defendant's claim failed under *Golding*'s third prong because "[t]he defendant did not avail himself of his right to seek rectification of the record"); *State* v. *Vines*, 71 Conn. App. 751, 761–62, 804 A.2d 877 (2002) (declining to review defendant's claim when defendant did not satisfy his burden to create record detailing events that gave rise to his claim of error), aff'd, 268 Conn. 239, 842 A.2d 1086 (2004). Accordingly, we decline to review the defendant's claim.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] While the state's primary argument is that the record is inadequate for review, the state alternatively argues that there is no such federal or state constitutional right to have all jurors orally concur with the verdict or, if we review the defendant's claim on the merits, the defendant had the benefit of each juror's oral concurrence with the record. Because we find that the record is inadequate for review, we do not address the state's alternative arguments.

[2] The state's long form information also charged the defendant with criminal possession of a firearm in violation of General Statutes § 53a-217 (a) (1). The defendant elected a court trial as to that charge, and the state subsequently entered a nolle.

[3] Although the transcript reads "not," the defendant's brief acknowledged that the word "not" should read "nod." Additionally, on February 28, 2018, this court granted the state permission to file a late motion for rectification of the record, claiming that the word "not" should read "nod." On March 5, 2018, the trial court issued a memorandum of decision granting the state's motion for rectification, in which it ordered that page 83 of the trial transcript, lines 12–14, should read as follows: "[Defense Counsel]: For the record, Your Honor, I do concur that all of the jurors did nod affirmatively—"

[4] The record is not clear as to whether defense counsel concurred that the jury nodded in agreement during the unrecorded announcement of the verdict, during the recorded announcement of the verdict, or both.