[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 24, 2009
THOMAS K. KAHN
CLERK

_____

No. 07-12918
Non-Argument Calendar

_____

D. C. Docket No. 06-14029-CR-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DESHONE STACY,
a.k.a. Bert,
DERRICK COOPER,
a.k.a. Coop,
a.k.a. Blackboy,

Defendants-Appellants.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

(July 24, 2009)

Before TJOFLAT, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

A Southern District of Florida jury convicted Deshone Stacy and his brother, Derrick Cooper, of conspiring, in violation of 21 U.S.C. § 846, to possess with intent to distribute 50 grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1). The jury also convicted Cooper of the substantive offense of possession with intent to distribute 50 grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1). Following the imposition of sentence, Stacy and Cooper appealed their convictions. After the appeal got underway, they notified this court that the transcript of the closing arguments and jury instructions at their joint trial was missing. On May 2, 2008, we issued an order remanding the case to the district court with the instruction that the district court attempt to reconstruct the record under Federal Rule of Appellate Procedure 10(c). After holding a hearing on the issue, the district court filed and submitted to this court a statement of evidence regarding the missing transcript. This appeal then resumed.

In their briefs on appeal, Stacy and Cooper argue that they are entitled to a new trial on the ground that the transcript of the oral arguments and jury instructions are missing and the district court's reconstruction is materially inadequate. They argue alternatively that they should receive a new trial because the district court abused its discretion in denying their motion for a post-trial juror

2

interview and a new trial based on juror misconduct. Stacy presents a third argument, that the district court abused its discretion in denying his motion for a new trial based on ineffective assistance of counsel.

I.

The Court Reporters Act requires a reporter to record "verbatim by shorthand, mechanical means, electronic sound recording, or any other method" all criminal proceedings held in open court. 28 U.S.C. § 753(b). A criminal defendant has a right on appeal to a complete transcript of the trial proceedings. Hardy v. United States, 375 U.S. 277, 282, 84 S.Ct. 424, 428, 11 L.Ed.2d 331 (1964).

We have established a two-part standard for determining whether an incomplete trial transcript entitles a defendant to a new trial. United States v. Selva, 559 F.2d 1303, 1305-06 (5th Cir. 1977). First, if the defendant is represented on appeal by trial counsel, a failure to properly record and preserve a portion of the trial proceedings only works a reversal if the defendant makes "a specific showing of prejudice," such that the failure "visits a hardship upon him and prejudices his appeal." Id. at 1305. By contrast, if the defendant is represented by new counsel on appeal, "the absence of a substantial and significant portion of the record, even absent any showing of specific prejudice or error, is

3

sufficient to mandate reversal." Id. at 1306. The dual standard from Selva is based on the understanding that "an appellate attorney who participated in the trial generally would be in a better position to point to specific prejudice resulting from the omission of parts of the proceedings from the record on appeal," whereas "an appellate attorney who was not involved in the trial often will be unable to identify and pursue irregularities that might otherwise entitle an appellant to relief." United States v. Preciado-Cordobas, 981 F.2d 1206, 1212 (11th Cir. 1993).

First, in regard to a case involving new counsel on appeal, "[t]here can be no substantial and significant omissions from a reconstructed record if, taken as a whole, it accords effective review on appeal." Id. at 1213. Thus, if a "reconstructed record discloses an accurate account of the trial so as to provide effective appellate review," then we may address the assigned errors. Id. In contrast, a reconstructed record that still lacks a sufficiently detailed account of a substantial and significant portion of the record may provide an inadequate basis for our review and require us to remand for a new trial. See id. at 1213-15.

Second, in regard to a case involving the same counsel who defended the appellant at trial, specific prejudice resulting from the record omission must be shown to mandate reversal. Selva, 559 F.2d at 1305-06. In such a case, counsel "should be expected to be aware of any errors or improprieties which may have

4

occurred during the portion of the proceedings not recorded," and counsel is required to "articulate the prejudice that may have resulted from the failure to record a portion of the proceedings." Id. at 1306. An appellant's "vague allegations" that "missing portions of the record would have supported the points of error alleged in his brief and would have revealed certain other potential points of error that his counsel could not consider without the record" were not sufficient to demonstrate prejudice. United States v. Bankston, 603 F.2d 528, 534-35 (5th Cir. 1979); see also Addison v. United States, 317 F.2d 808, 811 (5th Cir. 1963) (holding that reversal was not required, even though closing arguments were not recorded, because the record did not demonstrate and the appellants did not identify any potentially improper comments or actions during the closing arguments that gave rise to prejudice).

Stacy is represented by new counsel on appeal; Cooper is represented by the same counsel that defended him at trial. Accordingly, under Selva, different standards govern these two defendants and their requests for new trial based on the missing transcript of the closing arguments and jury instructions.

After review of the reconstructed record and the parties' briefs, we conclude that Stacy is entitled to a new trial because the missing transcript, and omissions from the reconstructed record, are "substantial and significant." Cooper, however,

is not entitled to such relief because he has failed to demonstrate any specific prejudice based on the missing portion of the record. Accordingly, we vacate Stacy's conviction, remand the case for further proceedings.[1]

## II.

"A motion for new trial based on newly discovered evidence is committed to the sound discretion of the trial court and will not be overturned absent abuse of discretion." United States v. Garcia, 13 F.3d 1464, 1472 (11th Cir. 1994). Likewise, a district court's decision to deny a defendant's post-trial motion to interview the jury regarding juror prejudice is reviewed for an abuse of discretion. United States v. Riley, 544 F.2d 237, 242 (5th Cir. 1976).

The Sixth Amendment guarantees defendants the right to trial by an impartial jury. U.S. Const. amend. VI. A defendant is entitled to a new trial based on juror misconduct if: (1) a juror intentionally fails to answer a question honestly at voir dire; and (2) he shows that the juror's truthful answer would have provided a challenge for cause based on juror bias. United States v. Perkins, 748 F.2d 1519, 1531-32 (11th Cir. 1984). "A relationship between a juror and a defendant, albeit a remote one, can form the basis of a challenge for cause." Id. at 1532.

A motion for new trial based on juror misconduct is treated as a motion for

---

[1] In doing so, we decline to address Stacy's other arguments.

new trial based on newly discovered evidence. United States v. Calderon, 127 F.3d 1314, 1351 (11th Cir. 1997). In order to obtain a new trial based on newly discovered evidence, the movant must establish that the evidence was discovered after trial and that the failure to discover the evidence prior to the jury verdict was not due to a lack of due diligence. Id. "[A] defendant cannot learn of juror misconduct during the trial, gamble on a favorable verdict by remaining silent, and then complain in a post-verdict motion that the verdict was prejudicially influenced by that misconduct." United States v. Jones, 597 F.2d 485, 488 n.3 (5th Cir. 1979). A defendant waives a juror misconduct claim if he learns of the basis for such a claim during trial and fails to bring it to the court's attention before the jury renders its verdict. United States v. Bolinger, 837 F.2d 436, 438 (11th Cir. 1988).

The district court did not abuse its discretion in denying Cooper's motion for a post-trial juror interview and a new trial based on juror misconduct. General allegations came to light during the trial that the juror in question, Derrick Johnson, knew Cooper. Although those allegations did not include specific information about how Johnson knew Cooper, Cooper did not exercise due diligence in pursuing the issue prior to being found guilty. In addition, when the general allegations came to light, at trial and in open court, Cooper objected to the Government's request to interview Johnson. Thus, Cooper invited any arguable

7

error committed by the district court in declining to pursue the allegations.

Accordingly, we affirm Cooper's convictions.

AFFIRMED, in part; VACATED and REMANDED, in part.