[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-13240
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 14, 2011
JOHN LEY
CLERK

D.C. Docket No. 2:06-cr-14029-KMM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DERRICK COOPER,
a.k.a. "Coop",
a.k.a. "Blackboy",

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 14, 2011)

Before TJOFLAT, PRYOR and KRAVITCH , Circuit Judges.

PER CURIAM:

In United States v. Stacy, 337 Fed.Appx. 837 (11ᵗʰ Cir. 2009), we affirmed

Derrick Cooper's convictions at the hands of a jury for conspiracy to possess with intent to distribute 50 or more grams of crack cocaine and possession with intent to distribute 50 or more grams of crack cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), respectively. In affirming his convictions, the panel rejected Cooper's argument that the district court abused its discretion in denying appellant's motion for new trial based on newly discovered evidence of juror misconduct. The panel described such evidence thusly: "General allegations came to light during the trial that the juror . . ., Derrick Johnson, knew Cooper." Id. at 840. It found no merit in Cooper's motion because

> Cooper did not exercise due diligence in pursuing the issue prior to being found guilty. In addition, when the general allegations came to light, at trial and in open court, Cooper objected to the Government's request to interview Johnson. Thus, Cooper invited any error committed by the district court in declining to pursue the allegations.

Id. While the above appeal was pending, Cooper filed two more motions for new trial based on newly discovered evidence. In the first of these, he reiterated what he had alleged in the motion the Stacy panel was considering, and alleged that Derrick Johnson was a friend of a witness for the Government, Tyrone Williams, and therefore was biased against Cooper. Attached to his motion were the affidavits of three individuals who said they had seen Johnson with Williams. In

2

the second motion, Cooper alleged that, according to the affidavit of Cornelius Brayboy, Antonio Ferguson, a witness for the Government, admitted to him that his testimony against Cooper was false—specifically, Ferguson lied when he testified that he had bought kilos of cocaine from Cooper. Ferguson said this to Brayboy while the two men were inmates at the Federal Detention Center in Miami.

The district court deferred ruling on these motions pending the disposition of the appeal in Stacy. After the appeal concluded, the court denied both motions. The court found that Cooper's allegations regarding a friendship between Williams and Johnson were mere speculation, and concluded that Cooper had presented nothing to suggest that any such relationship influenced Johnson or the other jurors in reaching their verdicts. The court then found that Brayboy's affidavit was not credible. The court noted, however, that, even if it credited Brayboy's allegations and disregarded Ferguson's testimony, there was nonetheless ample evidence to support the jury's verdicts. The court concluded nothing in the affidavits Cooper had presented would have changed the outcome of the trial because the evidence of Cooper's guilt was overwhelming. Cooper now appeals the court's denial of the two motions for new trial.

I.

On appeal, Cooper argues that the district court abused its discretion in finding that there was no evidence suggesting that Johnson was influenced by Williams, because the affidavits established that Williams and Johnson knew each other, and that any bond that the two had would have impacted Johnson's ability to objectively weigh Williams's testimony and may have caused Johnson to influence the other jurors. Cooper also argues that the district court abused its discretion in finding that, aside from Williams's testimony, there was ample other evidence of Cooper's guilt because Williams provided the most damaging testimony against him.

We review a district court's decision on whether to grant a new trial or an evidentiary hearing for an abuse of discretion. *United States v. Quilca-Carpio*, 118 F.3d 719, 722 (11th Cir. 1997). A court should ignore errors that do not affect the essential fairness of the trial. *United States v. Carpa*, 271 F.3d 962, 966 (11th Cir. 2001). A defendant bears the burden of proving that he is entitled to a new trial. *United States v. Campa*, 459 F.3d 1121, 1151 (11th Cir. 2006) (*en banc*), *cert. denied*, 129 S.Ct. 2790 (2009).

A motion for new trial based on juror misconduct is a form of a motion for new trial based on newly discovered evidence. *United States v. Calderon*, 127 F.3d 1314, 1351 (11th Cir. 1997). "To obtain a new trial . . . a party must first

4

demonstrate that a juror failed to answer honestly a material question on voir dire, and then further show that a correct response would have provided a valid basis for a challenge for cause." *McDonough Power Equip. Inc v. Greenwood*, 464 U.S. 548, 556, 104 S. Ct. 845, 850, 78 L.Ed.2d 663 (1984). The jury does not, however, have the duty to respond to questions not posed during *voir dire*. *United States v. Kerr*, 778 F.2d 690, 694 (11th Cir. 1985). The second prong, that a correct response would have provided a valid basis for a challenge for cause, requires a showing of actual bias. *BankAtlantic v. Blythe Eastman Paine Webber, Inc.*, 955 F.2d 1467, 1473 (11th Cir. 1992) (citing *United States v. Perkins*, 748 F.2d 1519, 1532 (11th Cir. 1984)). Actual bias may be shown either by express admission or by proof of specific facts showing such a close connection to the circumstances at hand that bias must be presumed. *Id*. A juror's bias may be implied if the juror has a special relationship with a party, such as a familial or master-servant relationship. *United States v. Rhodes*, 177 F.3d 963, 965 (11th Cir. 1999).

Trial courts are not required to investigate every allegation of juror misconduct. *United States v. Cuthel*, 903 F.2d 1381, 1382-83 (11th Cir. 1990). In relevant part, Federal Rule of Evidence 606(b) provides that:

Upon an inquiry into the validity of a verdict or indictment, a juror

5

> may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon that or any other juror's mind or emotions as influencing the juror to assent to or dissent from the verdict or indictment or concerning the juror's mental processes in connection therewith, except that a juror may testify on the question whether extraneous prejudicial information was improperly brought to the jury's attention or whether any outside influence was improperly brought to bear upon any juror.

Fed.R.Evid. 606(b); *see also McElroy v. Firestone Tire & Rubber Co.*, 894 F.2d 1504, 1511 (11th Cir. 1990). Accordingly, to justify a post-trial hearing on juror misconduct, a defendant "must show clear, strong, substantial and incontrovertible evidence . . . that a specific nonspeculative impropriety has occurred." *Cuthel*, 903 F.3d at 1383 (internal quotations omitted). "The more speculative or unsubstantiated the allegation of misconduct, the less the burden to investigate." *Id*. (quoting *United States v. Caldwell*, 776 F.2d 989, 998 (11th Cir. 1985)).

Here, Cooper has not met the standard for a new trial based on juror misconduct. Because Johnson was asked during *voir dire* only if he knew the prosecutor, agents, defense attorneys or defendants, and was neither provided with the names of witnesses nor asked whether he knew any of the witnesses, Cooper cannot prove that Johnson failed to answer a material *voir dire* question untruthfully. Additionally, because Cooper's affidavits affirmed only that Johnson and Williams knew each other, and because Cooper failed to provide any proof of

6

specific facts showing that Johnson had a "close connection" to Williams, he has not met the standard to imply that Johnson was a biased juror. Additionally, none of the affidavits alleged that Johnson improperly credited Williams's testimony or led the other members of the jury to place undue weight on Williams's testimony. Accordingly, Cooper's allegations of Johnson's misconduct were mere speculation, and the district court did not abuse its discretion in declining to conduct further investigation and denying Cooper's request for a new trial.

## II.

Cooper next argues that Brayboy's affidavit that Ferguson's testimony was false constituted material newly-discovered evidence that would probably have changed the result of his trial, and that the district court's adverse credibility determination against Brayboy was improper. Cooper also argues that the court's conclusion that there was ample other evidence of his guilt is without support in the record.

A new trial based upon newly discovered evidence is warranted only if: (1) the new evidence was actually discovered after trial; (2) the defendant exercised due care to discover the new evidence; (3) the new evidence is not merely cumulative or impeaching; (4) the new evidence is material; and (5) the new evidence is of such a nature that a new trial would probably produce a

7

different result. *United States v. Thompson*, 422 F.3d 1285, 1294 (11th Cir. 2005). If a defendant fails to satisfy any one of these elements, he is not entitled to a new trial. *Id*.

Even if we treated Brayboy's affidavit testimony as credible, we would conclude, as the district court did, that Cooper failed to establish that he is entitled to a new trial. The Government presented testimony from a number of witnesses regarding Cooper's drug trafficking activity. The jury was also provided with transcripts of Cooper's wiretapped phone calls, and a number of those calls were played in open court. Additionally, because Cooper testified on his own behalf, the jury was free to find that the opposite of Cooper's testimony was true and convict him, in part, on that basis. *See United States v. Brown*, 53 F.3d 312, 314 (11th Cir.1995) (holding that a statement by the defendant that the jury disbelieves may be considered substantive evidence of his guilt because the jury is permitted to conclude that the opposite of the defendant's testimony is true). Thus, even without Ferguson's testimony, there was ample evidence presented at trial to support the jury's guilty verdicts, and it is accordingly improbable that a new trial would result in Cooper's acquittal. The district court thus did not abuse its discretion in denying Cooper's second motion for a new trial without an evidentiary hearing.

AFFIRMED.