[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-11221
Non-Argument Calendar
_____

D.C. Docket No. 2:11-cr-00157-WHA-CSC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARSHA DIANE ELMORE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(August 14, 2018)

Before TJOFLAT, WILSON and JULIE CARNES, Circuit Judges.

PER CURIAM:

Marsha Elmore appeals her convictions, obtained via plea agreement, and total sentence for one count of filing false income tax returns, one count of wire fraud, and one count of identity theft.  No transcription of Elmore's change-of-plea hearing exists.  We thus remanded her case to the District Court under Federal Rule of Appellate Procedure 10(e)(2) for the limited purpose of preparing, if possible, a certified record of the hearing.  The District Court did just that.  Elmore, however, argues here that the District Court's reconstruction of the record is inadequate and does not accord effective appellate review, requiring her convictions and sentence to be vacated.[1]  The Government disagrees, contending that the reconstructed record is adequate—at the very least, this Court can meaningfully review Elmore's decision at the hearing to waive her right to this appeal.  We agree with Elmore and accordingly vacate her convictions and total sentence and remand her case to the District Court for further proceedings.

Under 28 U.S.C. § 753(b), "all proceedings in criminal cases had in open court" must be "recorded verbatim by shorthand, mechanical means, electronic sound recording, or any other method."  But a defendant is not entitled to a new trial every time there is an omission from a transcript.  *United States v. Preciado-Cordobas*, 981 F.2d 1206, 1212 (11th Cir. 1993).  When, as here, a defendant is represented on appeal by an attorney who did not participate in the relevant hearing

---

[1] She also contends in the alternative that her total sentence is substantively unreasonable. Because we side with Elmore on her primary argument, we do not reach this point.

2

in the trial court, a reconstructed record is inadequate if there remains a "substantial and significant omission" from the transcript. *See id.* The defendant need not allege that a specific error occurred during the untranscribed portion of the hearing or show that she suffered specific prejudice. *United States v. Selva*, 559 F.2d 1303, 1306 (5th Cir. 1977).[2] Whether an omission is substantial and significant may be decided only after the district court has attempted to reconstruct the missing portions of the hearing. *Preciado-Cordobas*, 981 F.2d at 1212. On a remand for reconstruction, the district court may consider whatever evidence or testimony it sees fit. *United States v. Novaton*, 271 F.3d 968, 993 (11th Cir. 2001). If the reconstructed record, when taken as a whole, accords effective appellate review, there can be no substantial and significant omission. *Preciado-Cordobas*, 981 F.2d at 1213.

Here, during the reconstruction of Elmore's change-of-plea hearing that took place below, no specific evidence was presented detailing what transpired. Rather, the evidence used to reconstruct the record was primarily habit evidence: the Magistrate Judge who took Elmore's guilty plea stated at an evidentiary hearing that in conducting Federal Rule of Criminal Procedure 11 proceedings he typically

---

[2] Fifth Circuit decisions issued on or before September 30, 1981 are binding in our Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc). Due to our prior-panel rule, we decline the Government's invitation to reconsider *Selva*. *See United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008) ("[A] prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting *en banc*.").

follows (but not verbatim) the outline contained in the Federal Judicial Center's Benchbook for U.S. District Judges.  The Magistrate Judge also stated that his standard practice is to repeat twice to the defendant that the defendant is specifically giving up the right to appeal, with certain exceptions.  Moreover, at this evidentiary hearing, the attorney who represented the Government in the change-of-plea hearing stated that it was his "general practice" to confirm that a defendant was advised of her right to appeal and of the impact of an appeal waiver. Aside from habit evidence, the Government points out that Elmore's trial counsel testified that he did not recall anything unusual occurring during the hearing and that he believed the Magistrate Judge followed his typical practice of asking the defendant twice if she understood the effect of an appeal waiver.[3]  Finally, the Government contends that circumstantial evidence bolsters its claim that the record was adequately reconstructed.  Namely, the hearing took nineteen minutes to complete, which is long enough to go through Rule 11's requirements, and Elmore later confirmed at her sentencing hearing that she understood her limited appeal rights in light of the appeal waiver contained her in plea agreement.[4]

---

[3] We note the Government's concession that the recollection of Elmore's trial counsel was not independent of the effect of the Magistrate Judge's statement describing his practice of twice addressing appeal waivers.

[4] The Government emphasizes that even if all parts of the change-of-plea hearing were not adequately reconstructed, the evidence provided sufficiently substantiates the portion of it in which Elmore waived her right to bring this appeal.  Elmore counters that even were that so, it would not preclude her appeal, as a judicially enforceable appeal waiver does not prevent a

On this evidence, the District Court entered an order certifying to this Court that the reconstructed record reflects that Elmore, at her change-of-plea hearing, was properly advised of all her rights as required by Rule 11. Its reconstruction summarily lists the rights of which Elmore was advised and states that

> the court determined that Elmore's entry of her guilty plea was a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offenses to which she pled guilty, Fed. R. Crim. P. 11(b)(3), and that Elmore understood the plea agreement and that even if the court did not accept the agreement she could not withdraw her guilty plea.

This bare reconstruction does not allow meaningful appellate review. It fails to provide Elmore's appellate counsel any way to search for and raise on appeal possible errors that occurred at the change-of-plea hearing.[5] This is significant in light of the District Court's recognition that Elmore thought "that she may have raised some concerns with her attorney during the proceedings." We, like Elmore's appellate counsel, are unable to determine whether the change-of-plea hearing was properly conducted and whether Elmore's guilty plea was effectively entered. And we do not accept the proposition that because it is the Magistrate Judge's practice to properly hold hearings, we can assume he did so here.

challenge to the voluntariness of a guilty plea. Because we hold that the change-of-plea hearing was not adequately reconstructed as a whole—including the portion where Elmore allegedly waived her right to an appeal—we need not decide this issue.

[5] *See Hardy v. United States*, 375 U.S. 277, 288, 84 S. Ct. 424, 431 (1964) (Goldberg, J., concurring) ("[T]he most basic and fundamental tool of [an appellate advocate's] profession is the complete trial transcript, through which his trained fingers may leaf and his trained eyes may roam in search of an error, a lead to an error, or even a basis upon which to urge a change in an established and hitherto accepted principle of law.").

Accepting such an assumption is not tantamount to conducting meaningful review. The rest of the evidence additionally falls short; there remains a "substantial and significant omission" as to what transpired at the change-of-plea hearing.

Because the reconstructed record does not allow for effective appellate review of Elmore's change-of-plea hearing, we vacate her convictions and total sentence, and remand her case to the District Court for further proceedings.

**VACATED AND REMANDED.**